41 F.3d 1519
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Merlina S. DACLAN, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7007.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1994.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and NIES, Circuit Judge.
 ON MOTION
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to dismiss or, in the alternative, for summary affirmance of the Court of Veterans Appeals' judgment dismissing Merlina S. Daclan's appeal for lack of jurisdiction. Daclan has not responded.
 
 
 2
 In 1955, 1967, and 1989, the Board of Veterans Appeals denied service connection for the cause of death of Daclan's husband. Daclan did not appeal the January 5, 1989 Board decision. However, two and a half months later, Daclan sought reconsideration by the Chairman of the Board of the earlier decisions. The Chairman denied reconsideration. Daclan again sought reconsideration by the Chairman in 1992. The Chairman again denied reconsideration and Daclan appealed to the Court of Veterans Appeals. The Court of Veterans Appeals dismissed Daclan's appeal for lack of jurisdiction holding that Daclan's motion for reconsideration "does not allege new evidence or changed circumstances such that the Court may exercise jurisdiction to consider the challenge to the Chairman's denial of reconsideration."
 
 
 3
 This court stayed Daclan's appeal pending its decision in Mayer v. Brown, no. 94-7038. This court's decision in Mayer issued on September 23, 1994. In Mayer, we held that the Court of Veterans Appeals does not have jurisdiction to review the Chairman's denial of reconsideration under circumstances similar to these. Mayer v. Brown, no. 94-7038, slip op. at 4 (Fed.Cir. Sept. 23, 1994). Specifically, we explained that the Court of Veterans Appeals may only review actions of the Chairman when it already has jurisdiction by virtue of a timely appeal from a final Board decision. Mayer, slip op. at 5. The Court of Veterans Appeals does not have statutory authority to exercise independent jurisdiction over a decision of the Chairman of the Board of Veterans Appeals. Id.
 
 
 4
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Mayer. As in Mayer, the Court of Veterans Appeals had no jurisdiction to review the Chairman's denial of a motion for reconsideration in the absence of an appeal of a Board decision. Because the Court of Veterans Appeals dismissed Daclan's appeal for lack of jurisdiction, albeit on different grounds, summary disposition is proper.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The stay of proceedings is lifted.
 
 
 7
 (2) The Secretary's motion to dismiss is denied.
 
 
 8
 (3) The Secretary's alternative motion for summary affirmance is granted.
 
 
 9
 (4) Each side shall bear its own costs.