47 F.3d 1185
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Douglas I. KERLEY, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7116.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1995.
 
 5 Vet.App. 313.
 MOTION GRANTED.
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves for summary affirmance of the Court of Veterans Appeals' judgment dismissing Douglas I. Kerley's appeal for lack of jurisdiction.* Kerley has not responded.
 
 
 2
 On May 14, 1987, the Regional Office denied Kerley's claim for service connection for post-traumatic stress disorder (PTSD). Kerley filed a Notice of Disagreement (NOD) on June 10, 1987. After the Board remanded the case for additional examinations concerning PTSD, the regional office confirmed its denial of service connection. In March of 1990, Kerley filed a document which might have been considered a NOD. In May of 1991, the Board of Veterans Appeals denied service connection for PTSD. Kerley appealed to the Court of Veterans Appeals.
 
 
 3
 The Court of Veterans Appeals dismissed Kerley's appeal for lack of jurisdiction. The Court of Veterans Appeals concluded that the June 1987 NOD was the document that initiated Board review and that the March 1990 document was not a jurisdictionally valid NOD. Because the June 1987 NOD was filed before November 18, 1988, the Court of Veterans Appeals concluded that it lacked jurisdiction over Kerley's appeal. See 38 U.S.C. Sec. 7105 Note. Kerley appealed to this court.
 
 
 4
 This court stayed Kerley's appeal until we decided Hamilton v. Brown, nos. 93-7090,-7091. In Hamilton, we affirmed the Court of Veterans Appeals' holding that the veterans court does not have jurisdiction if the NOD that initiated Board review was filed before November 18, 1988. Hamilton v. Brown, no. 93-7090,-7091, slip op. at 18, 26 (Fed. Cir. Nov. 8, 1994).
 
 
 5
 The Secretary argues that the Court of Veterans Appeals' decision that it had no jurisdiction over Kerley's appeal should be summarily affirmed based on our holding in Hamilton. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Hamilton. As in Hamilton, the Court of Veterans Appeals had no jurisdiction because the NOD that initiated Board review was filed before November 18, 1988.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The stay of proceedings is lifted.
 
 
 8
 (2) The Secretary's motion for summary affirmance is granted.
 
 
 9
 (3) Each side shall bear its own costs.
 
 
 
 *
 The Secretary requested summary affirmance within a status report. Although the request should have been submitted by motion, we note that counsel for Kerley contacted the clerk's office and was informed to submit a response if he choose to respond to the status report. Accordingly, we treat the Secretary's request as a motion for summary affirmance