60 F.3d 841
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Guillermo FALSARIO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3071.
 United States Court of Appeals, Federal Circuit.
 June 15, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit System Protection Board's decision holding that Guillermo Falsario was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Falsario submits an opposition fifteen days out of time. We, sua sponte, grant Falsario an extension of time to file an opposition. We treat Falsario's earlier filed submission entitled "Informal Reply" as a motion for leave to supplement his informal brief.
 
 
 2
 Falsario was employed by the Department of the Navy in Subic Bay, Philippines from 1956 until 1987, when he reached mandatory retirement age. In 1993, Falsario applied for retirement benefits under the CSRA. OPM denied Falsario's application, and Falsario appealed OPM's denial to the Board. The Administrative Judge (AJ) noted that Falsario served under a nonappropriated fund activity appointment for the first two years and nine months of his employment. The AJ determined that Falsario served thereafter under a series of excepted, indefinite appointments that were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(12)-(13). Thus, the AJ determined that while Falsario had completed at least five years of creditable federal civilian employment, he had never been employed in a position covered by the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). Falsario petitioned this court for review.
 
 
 3
 This court stayed Falsario's petition for review pending our decision in Rosete v. OPM, no. 94-3342. In that case, Juanita Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete v. Office of Personnel Management, 48 F.3d 514, 519 (Fed. Cir. 1995). Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 OPM argues that the Board's decision that Falsario was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that Rosete is dispositive and that summary disposition is warranted. For the last twenty-eight years of his employment, Falsario held only indefinite appointments in the excepted service. Thus, he did not serve at least one of his last two years of service in a position covered by the Civil Service Retirement System. 5 U.S.C. Sec. 8333(b). Further, the Board found that there was no evidence that Falsario made contributions to the civil service retirement fund or that he was otherwise subject to the CSRA.
 
 
 5
 In his opposition, Falsario argues that Rosete was wrongly decided. However, we are bound by this court's holding in Rosete.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) OPM's motion for summary affirmance is granted.
 
 
 8
 (2) Falsario's motion for leave to supplement his informal brief is granted.
 
 
 9
 (3) Each side shall bear its own costs.