62 F.3d 1431
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ruben V. ALHAMBRA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3247.
 United States Court of Appeals, Federal Circuit.
 July 6, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit System Protection Board's decision holding that Ruben V. Alhambra was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Alhambra submits a letter in response.
 
 
 2
 Alhambra was employed from 1968 until 1992 by the Department of the Navy in Subic Bay, the Philippines. In 1992, Alhambra was separated when the base closed, and he applied for retirement benefits under the CSRA. OPM denied Alhambra's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Alhambra had served under a series of appointments: (1) September 25, 1968, to January 21, 1969; (2) January 30, 1969, to December 1, 1969; and (3) June 9, 1970, to September 30, 1992. The AJ determined that Alhambra did not meet the five-year service requirement with respect to the first two appointments. See 5 U.S.C. Sec. 8333(a). As to the third period, the AJ determined that Alhambra served under a excepted, indefinite appointment that was specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(13). The AJ thus concluded that while Alhambra had completed at least five years of creditable federal civilian employment, he had not been employed in a position covered by the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). Alhambra petitioned this court for review.
 
 
 3
 This court recently addressed whether indefinite appointments qualify as covered service in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995). The exclusion of indefinite appointments is contained in OPM's regulation that interprets Sec. 8347(g). See 5 C.F.R. Sec. 831.201(a)(13). We held that it was proper to defer to OPM's interpretation of Sec. 8347(g) as excluding indefinite appointments because that interpretation was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that an indefinite appointment in the excepted service did not constitute covered service within the meaning of the CSRA. Id. at 520.
 
 
 4
 We agree with OPM that the Board's decision that Alhambra was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994).
 
 
 5
 In his response, Alhambra contends that he is entitled to retirement benefits on the basis of newly submitted evidence of a medical disability he states he received during his service. However, even if that evidence were dispositive of Alhambra's entitlement to CSRA benefits, we may not consider that evidence because it was not before the Board. See, e.g., McGarigle v. United States Postal Serv., 904 F.2d 687, 689 n. 2 (Fed.Cir.1990) (exhibits appended to appellate brief that were not part of the record before the Board were disregarded on appeal).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) OPM's motion for summary affirmance is granted.
 
 
 8
 (2) Each side shall bear its own costs.