64 F.3d 674
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rodolfo A. DE GUZMAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3217.
 United States Court of Appeals, Federal Circuit.
 July 27, 1995.
 
 Rehearing Denied; Suggestion for Rehearing In Banc Declined
 Dec. 29, 1995.
 Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's decision holding that Rodolfo A. De Guzman was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. De Guzman submits an overlong opposition fifteen days out of time. We, sua sponte, grant De Guzman an extension of time to file an overlong opposition.
 
 
 2
 De Guzman was employed by the Department of the Navy in Subic Bay, Philippines from 1965 until 1992. In 1992, De Guzman was separated when the base closed, and he applied for retirement benefits under the CSRA. OPM denied De Guzman's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that De Guzman was employed by a nonappropriated fund instrumentality from 1965 until 1969, and that such service was neither creditable nor covered. The AJ also determined that De Guzman served thereafter under a series of temporary appointments of one year or less or excepted, indefinite appointments, all of which were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(1) and (13). Thus, the AJ concluded that while De Guzman had completed at least five years of creditable federal civilian employment, he had not been employed in a position covered by the CSRA for at least one of the last two years of service. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). De Guzman petitioned this court for review.
 
 
 3
 This court recently considered the issues raised by De Guzman. In Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed. Cir. 1995), Juanita Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete v. Office of Personnel Management, 48 F.3d 514, 519 (Fed. Cir. 1995). Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 OPM argues that the Board's decision that De Guzman was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that Rosete is dispositive and that summary disposition is warranted. For the last thirteen years of his employment, De Guzman served either under Rosete-like indefinite appointments in the excepted service or under temporary appointments that are specifically excluded from CSRA coverage by statute. See 5 U.S.C. Sec. 8347(g). Thus, he did not serve at least one of his last two years of service in a position covered by the Civil Service Retirement System. 5 U.S.C. Sec. 8333(b). Further, the Board found that there was no evidence that De Guzman made contributions to the civil service retirement fund or that he was otherwise subject to the CSRA.
 
 
 5
 In his opposition, De Guzman argues that Rosete was wrongly decided. However, we are bound by this court's holding in Rosete.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) OPM's motion for summary affirmance is granted.
 
 
 8
 (2) Each side shall bear its own costs.