66 F.3d 344
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eli RAITPORT, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5086.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1995.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 The United States moves to dismiss or, in the alternative, for summary affirmance. Eli Raitport opposes.
 
 
 2
 On December 16, 1994, Raitport filed a complaint in the Court of Federal Claims seeking review of the Department of Health and Human Services's denial of Raitport's claim for Social Security retirement benefits. The Court of Federal Claims dismissed the complaint for lack of jurisdiction. The order was entered on January 25, 1995. Nineteen days later, Raitport filed a RCFC 60(b) motion for relief from judgment, alleging both that the Court of Federal Claims had jurisdiction over his case and that the judgment dismissing his case was somehow procured by fraud. The Court of Federal Claims denied the motion on March 3, 1995. On April 10, 1995, Raitport appealed to this court. In his notice of appeal, Raitport states:
 
 
 3
 Notice is hereby given that Eli Raitport, Plaintiff, in the above captioned case, hereby appeals to the United States Court of Appeals for the Federal Circuit, from the final Order of this Court as of March 3, 1995, denying Plaintiff's Motion pursuant RCFC 60(b)(3), for relief from the judgment the Plaintiff considers to be quintuplet of fraud in fact and in law.
 
 
 4
 The said Order in the above captioned case has been entered on March 3, 1995.
 
 
 5
 (Emphasis added.)
 
 
 6
 The government argues that this court does not have jurisdiction to review the January 25, 1995 judgment. On the face of the notice of appeal, Raitport sought review only of the March 3, 1995 order denying his RCFC 60(b) motion, not the underlying judgment order. However, Raitport in his opposition contends that he is entitled to review of the January 25, 1995 judgment. To the extent that Raitport is seeking review of the January 25, 1995 judgment by virtue of his appeal of the denial of the RCFC 60(b) motion, he may not do so. See Amstar Corp. v. Envirotech Corp., 823 F.2d 1538, 1550 (Fed.Cir.1987) (filing of a Rule 60(b) motion is not a substitute for an appeal). All that is before the court is the March 3, 1995 order.
 
 
 7
 The government argues that the Court of Federal Claims order denying Raitport's RCFC 60(b) motion should be summarily affirmed. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994).
 
 
 8
 The Court of Federal Claims denied Raitport's motion, stating:
 
 
 9
 The court has considered [Raitport's] motion but there simply is no legal basis for the requested relief. For the reasons set forth in this court's December 16, 1994, order, this court simply lacks jurisdiction to consider the claims presented in plaintiff's complaint. The United States Congress has not given this court the authority to hear [Raitport's] cause of action.
 
 
 10
 The jurisdiction of the Court of Federal Claims is based on the Tucker Act, 28 U.S.C. Sec. 1491, and relates to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." Consent by Congress to suit under the Act, however, "cannot be implied but must be unequivocally expressed." United States v. Testan, 424 U.S. 392, 399 (1976). In cases such as this one involving claims for Social Security benefits, Congress has consented to suit, but it has prescribed which court shall exercise jurisdiction:
 
 
 11
 Any individual, after any final decision of the Secretary made after a hearing to which he [or she] was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him [or her] of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his [or her] principal place of business....
 
 
 12
 42 U.S.C. Sec. 405(g) (emphasis added). Because jurisdiction over Raitport's claim properly lies in a federal district court, the Court of Claims did not abuse its discretion in denying Raitport's motion for relief from judgment. See Marcus v. United States, 909 F.2d 1470 (Fed.Cir.1990) (Court of Federal Claims has no jurisdiction under Tucker Act over claims for social security benefits). To the extent that Raitport's motion alleged that the Court of Federal Claims judge presiding over his case had somehow committed fraud, Raitport stated no basis for such an allegation.
 
 
 13
 Accordingly,
 
 IT IS ORDERED THAT:
 
 14
 (1) The government's motion for summary affirmance is granted.
 
 
 15
 (2) Each side shall bear its own costs.