73 F.3d 378
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Edilberto P. MALLARI, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3309.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1995.
 
 Before PLAGER, Circuit Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's decision holding that Edilberto P. Mallari was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Mallari has not responded.
 
 
 2
 Mallari was employed by the Department of the Air Force at John Hay Air Base, Philippines from 1961 until 1973 and from 1977 until 1991. In 1991, Mallari was separated when the base closed, and he applied for retirement benefits under the CSRA. OPM denied Mallari's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Mallari had been employed by a nonappropriated fund instrumentality (NAFI) and noted that, with certain limited exceptions, an employee paid from nonappropriated funds is not considered an "employee" under the CSRA. The AJ determined that Mallari was not such an employee and, thus, was not entitled to retirement benefits under the CSRA. See 5 U.S.C. Sec. 8333(b). Mallari petitioned this court for review.
 
 
 3
 This court recently considered the issues raised by Mallari's petition for review. In Dupo v. Office of Personnel Management, no. 95-3088, Severino Dupo had been employed by NAFIs throughout his entire career with the Navy. We held that service under a NAFI "is not, as a general rule, creditable service for purposes of the CSRA."
 
 
 4
 According to 5 U.S.C. Sec. 2105(c) (1994), a NAFI employee is explicitly excluded from the definition of an "employee" for purposes of the laws administered by OPM, except where otherwise provided. The CSRA is a law administered by OPM. See 5 U.S.C. 8347(a).
 
 
 5
 We noted, however, that an individual who was employed by a NAFI is entitled to civil service retirement credit if (1) the service was performed between June 18, 1952 and January 1, 1966; (2) the service performed during that period involved conducting certain activities for personnel of the armed forces; and (3) the individual was an employee subject to the CSRA on November 9, 1986. See 5 U.S.C. 8332(b)(16). We determined that although Dupo's service satisfied the first requirement, there was no evidence that Dupo "led, managed or directed any of the recreational activities described in section 8332(b)(16)." Further, we determined that Dupo had been separated from his service with the Navy on January 30, 1981, and thus was not subject to the CSRA on November 9, 1986. Accordingly, we concluded that Dupo did not have creditable service within the meaning of the CSRA.
 
 
 6
 OPM argues that the Board's decision that Mallari was not entitled to retirement benefits should be summarily affirmed.* We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that Dupo is dispositive and that summary disposition is warranted. Mallari was employed exclusively by a NAFI. Because he was employed by a NAFI on November 9, 1986, his service was not creditable and he was not subject to the CSRA on that date. See 5 U.S.C. Sec. 2105(c); 5 U.S.C. Sec. 8332(b)(16).
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) OPM's motion for summary affirmance is granted.
 
 
 9
 (2) Each side shall bear its own costs.
 
 
 
 *
 OPM argues that our decision in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995), is controlling. However, we did not decide the NAFI issue in Rosete