Robert L. GIULIANI, Plaintiff–Appellant,

v.

UNITED STATES and the Director of Patents and Tradmards, Defendants–Appellees.

No. 01–1050.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 27, 2001.

Before NEWMAN, GAJARSA, and LINN, Circuit Judges.

ON MOTION

PAULINE NEWMAN, Circuit Judge.

*ORDER*

The Director of Patents and Trademarks moves for summary affirmance of the order of the United States District Court for the District of Hawaii dismissing Robert L. Giuliani's complaint. Giuliani has not responded.

In 1988, Giuliani filed a complaint in the Hawaii district court challenging the constitutionality of statutes and regulations requiring the payment of patent fees. The district court dismissed, holding that Congress has the power to prescribe to whom and upon what terms and conditions a patent shall issue, including the power to require the payment of patent fees. This court affirmed.

In 1996, Giuliani filed another patent application with the PTO. When Giuliani failed to pay the issue fee, the PTO determined the application to be abandoned. In 1999, Giuliani initiated another action in district court, again challenging the constitutionality of statutes and regulations requiring the payment of patent fees, and also alleging that his property was taken without just compensation when the PTO determined his application to be abandoned for failure to pay the issue fee. The district court dismissed, ruling that Giuliani was collaterally estopped from again challenging the payment of patent fees. The district court also held that there could not be a taking of a patent right before the payment of the requisite patent fees because no property right vests in a patent until the required fees are paid.

Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir.1994) (summarily affirming the Court of Federal Claims' dismissal of a complaint). We agree with the district court's reasoning in dismissing Giuliani's complaint. Giuliani's challenge to the constitutionality of patent fees is identical to the issue litigated in Giuliani's 1988 action; therefore, the district court properly dismissed based on collateral estoppel. The district court also correctly held that there can be no taking until a patent issues because Congress has plenary power to impose conditions on the vesting of patent rights, such as the payment of fees, and "no person has a vested right to a patent." *See McClurg v. Kingsland*, 42 U.S. (1 How.) 202, 206, 11 L.Ed. 102 (1843). Because no substantial question exists regarding the outcome of the appeal, the court summarily affirms the judgment of the district court.

Accordingly,

IT IS ORDERED THAT:

(1) The Director's motion for summary affirmance is granted.

(2) All other motions are moot.

(3) Each side shall bear its own costs.