**Roynell JOSHUA, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee. On Motion.**

**No. 93–5170.**

United States Court of Appeals, Federal Circuit.

Feb. 18, 1994.

Roynell Joshua, of Angola, Louisiana, was on the opposition to motion for summary affirmance.

John K. Lapiana, Attorney, Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director and James M. Kinsella, Assistant Director, Commercial Litigation Branch, Department of Justice, of Washington, D.C., were on the defendant-appellee's motion for summary affirmance.

Before NIES, Chief Judge, PLAGER and CLEVENGER, Circuit Judges.

## ORDER

PLAGER, Circuit Judge.

This matter brings before us the question of the appropriate standard for summary disposition of an appeal, when there has not yet been full briefing of the merits, and no oral argument has been held or allowed. We must then apply that standard to the circumstances of the case before us.

The United States moves for summary affirmance of the Court of Federal Claims' June 3, 1993 order dismissing Roynell Joshua's complaint for lack of jurisdiction. Joshua argues that the United States' motion is improper and requests that sanctions be imposed.

## BACKGROUND

Joshua filed a complaint in the Court of Federal Claims seeking $36 billion in damages resulting from the dismissal of his case by the United States District Court for the Western District of Louisiana. On June 3, 1993, the Court of Federal Claims issued an order stating:

> Plaintiff forwarded a complaint in the above-styled action that was received by the court on June 1, 1993. Plaintiff seeks damages and costs, and various forms of specific performance, allegedly arising out of a civil action brought by plaintiff and others in the United States District Court for the Western District of Louisiana. The Clerk of the Court and a Judge are also named defendants. Plaintiff appears pro se and the claim included a petition to proceed in forma pauperis. The petition to proceed in forma pauperis is granted, the complaint· is filed, and dismissed, sua sponte, with prejudice for reasons set forth below.
>
> Plaintiff, who is presently incarcerated in the Louisiana State Penitentiary at Angola, LA, alleges that the two officers of the court acted in various ways by "scheme and design" to deprive plaintiff of a finding under the Declaratory Judgment Act, 28 U.S.C. § 2201 of a denial of his rights to protection under the Thirteenth Amendment from slavery and involuntary servitude. The court's actions allegedly violated several provisions of Title 18, the criminal code, and deprived plaintiff of his Constitutional rights under the Fifth Amendment to due process and equal protection of law. The criminal acts complained of include conspiracy, fraud, perjury, and malfeasance in office.
>
> Plaintiff misconstrues the jurisdiction of this court. This is a court of specific civil jurisdiction, defined by 28 U.S.C. § 1491, et. seq., and requires a money mandating act to confirm jurisdiction. The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code and the due process and equal protection clauses of the Fifth Amendment do not provide for the payment of monies, even if there were a violation. Plaintiff has [not] identified a money mandating provision of law, and the court is aware of none that could possibly provide jurisdictional support for any of his claims. The court does not have jurisdiction, in the circumstances of this case, to provide any of the relief requested. See 28 U.S.C. § 1491 et. seq.
>
> Accordingly, the complaint is dismissed. No costs.

## DISCUSSION

Fed.R.App.P. 2 provides:

In the interest of expediting decision, or for other good cause shown, a court of appeals may ... suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

Under the aegis of Rule 2, circuit courts have summarily disposed of appeals using similar but not always identical language. *See, e.g., Chemical Eng'g Corp. v. Marlo, Inc.,* 754 F.2d 331, 335 (Fed.Cir.1984) (court *sua sponte* summarily affirmed district court; appeal was "clearly hopeless and unquestionably without any possible basis in fact or law"); *Clark v. Gulesian,* 429 F.2d 405, 407 (1st Cir.1970), *cert. denied,* 400 U.S. 993, 91 S.Ct. 461, 27 L.Ed.2d 441 (1971) (oral argument was dispensed with because issues were manifestly simple and clear, legal citations were fully dispositive of the issues, and it was concluded that no useful purpose could be served by oral argument); *James A. Merritt and Sons v. Marsh,* 791 F.2d 328, 331 (4th Cir.1986) (court summarily reversed before full briefing in the interest of expediting a decision); *Groendyke Transport, Inc. v. Davis,* 406 F.2d 1158, 1163 (5th Cir.1969), *cert. denied,* 394 U.S. 1012, 89 S.Ct. 1628, 23 L.Ed.2d 39 (1969) (court summarily reversed district court's grant of injunction because time was of the essence and because one party's position was clearly correct as a matter of law); *National Labor Relations Bd. v. Playskool, Inc.,* 431 F.2d 518, 519–520 (7th Cir.1970) (court granted motion for summary affirmance because one party's contentions were found so unsubstantial as to render the appeal frivolous and because time was of the essence); *United States v. Dura–Lux Int'l Corp.,* 529 F.2d 659, 660–662 (8th Cir.1976) (court *sua sponte* concluded that summary disposition was appropriate because the questions presented did not require further argument and because one party's contentions were without merit); *Leigh v. Gaffney,* 432 F.2d 923 (10th Cir.1970) (court granted motion for summary affirmance because question presented was so unsubstantial as to not warrant further argument); *Goldstein v. Riggs Nat'l Bank,* 459 F.2d 1161, 1163 n. 2 (D.C.Cir.1972) (court dispensed with additional briefing and argument because the motion for summary affirmance demonstrated "that the merits of the claim are so clear as to warrant expeditious action").

The United States' motion for summary affirmance in this case presents us with an opportunity to more fully explicate our standard for summary affirmance under circumstances like those present here. We hold that summary disposition is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists. *See, e.g., Groendyke,* 406 F.2d at 1162. In the present case, it is clear that Joshua's complaint did not identify any substantive right, founded upon either a money mandating statute or the Constitution, which might form the basis for his claim. Further, to the extent that Joshua is seeking it, the Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) Joshua's motion for sanctions is denied.

(3) Each side shall bear its own costs.