41 F.3d 1519
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Consuelo Z. DANTES, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7075.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1994.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and NIES, Circuit Judge.
 ON MOTION
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for summary affirmance of the Court of Veterans Appeals' decision dismissing Consuelo Z. Dantes' appeal for lack of jurisdiction. Dantes has not responded.
 
 
 2
 The Board of Veterans Appeals denied service connection for the cause of death of Dantes' husband. More than four years later, Dantes sought reconsideration by the Chairman of the Board. The Chairman denied reconsideration and Dantes appealed to the Court of Veterans Appeals. The Court of Veterans Appeals dismissed Dantes' appeal for lack of jurisdiction, noting that her notice of disagreement was submitted prior to November 18, 1988. See 38 U.S.C. Sec. 7251 note. Dantes appealed to this court.
 
 
 3
 This court stayed Dantes' appeal pending its decision in Mayer v. Brown, no. 94-7038. This court's decision in Mayer issued on September 23, 1994. In Mayer, we held that the Court of Veterans Appeals does not have jurisdiction to review the Chairman's denial of reconsideration under circumstances similar to these. Mayer v. Brown, no. 94-7038, slip op. at 4 (Fed.Cir. Sept. 23, 1994). The Secretary argues that the Court of Veterans Appeals' decision that it had no jurisdiction over Dantes' appeal should be summarily affirmed based on our holding in Mayer.
 
 
 4
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Mayer. As in Mayer, the Court of Veterans Appeals had no jurisdiction to review the Chairman's denial of Dantes' motion for reconsideration in the absence of an appeal of a Board decision.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The stay of proceedings is lifted.
 
 
 7
 (2) The Secretary's motion for summary affirmance is granted.
 
 
 8
 (3) Each side shall bear its own costs.