41 F.3d 1519
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Avelina R. PADASAS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7051.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1994.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and NIES, Circuit Judge.
 ON MOTION
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for summary affirmance of the Court of Veterans Appeals' decision dismissing Avelina R. Padasas' appeal for lack of jurisdiction. Padasas has not responded.
 
 
 2
 The Board of Veterans Appeals denied service connection for the cause of death of Padasas' husband. More than a year later, Padasas sought reconsideration by the Chairman of the Board. The Chairman denied reconsideration on the ground that it was untimely filed. Padasas appealed to the Court of Veterans Appeals. The Court of Veterans Appeals dismissed Padasas' appeal for lack of jurisdiction because, in her motion for reconsideration, Padasas did not allege new evidence or changed circumstances. Padasas appealed to this court.
 
 
 3
 This court stayed Padasas' appeal pending its decision in Mayer v. Brown, no. 94-7038. This court's decision in Mayer issued on September 23, 1994. In Mayer, we held that the Court of Veterans Appeals does not have jurisdiction to review the Chairman's denial of reconsideration under circumstances similar to these. Mayer v. Brown, no. 94-7038, slip op. at 4 (Fed.Cir. Sept. 23, 1994). The Secretary argues that the Court of Veterans Appeals' decision that it had no jurisdiction over Padasas' appeal should be summarily affirmed based on our holding in Mayer.
 
 
 4
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Mayer. As in Mayer, the Court of Veterans Appeals had no jurisdiction to review the Chairman's denial of Padasas' motion for reconsideration in the absence of an appeal of a Board decision.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The stay of proceedings is lifted.
 
 
 7
 (2) The Secretary's motion for summary affirmance is granted.
 
 
 8
 (3) Each side shall bear its own costs.