47 F.3d 1182
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Daniel A. ROAQUIN, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7006.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1995.
 
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for summary affirmance of the Court of Veterans Appeals' judgment dismissing Daniel A. Roaquin's appeal for lack of jurisdiction. Roaquin opposes.
 
 
 2
 On May 7, 1987, the Regional Office denied Roaquin's claim for service connection for avitaminosis, malnutrition, beriberi, malaria, pneumonia, duodenal ulcer disease, bilateral macular degeneration, benign prostatic hypertrophy, residuals of epiphyseal injury to the left elbow, diabetes mellitus, hypertension, and pleuritis. Roaquin filed a Notice of Disagreement (NOD) on March 31, 1988. On July 25, 1990, Roaquin filed another document which might have been considered a NOD. In 1991, the Board of Veterans Appeals denied service connection. Roaquin appealed to the Court of Veterans Appeals.
 
 
 3
 In an interlocutory order dated June 19, 1992, the Court of Veterans Appeals stated that the July 1990 document was a jurisdictionally valid NOD. Shortly thereafter, the Court of Veterans Appeals stayed Roaquin's appeal pending its decision in a related case, Hamilton v. Brown, which concerned cases in which multiple NODs had been filed and their effect on the jurisdiction of the Court of Veterans Appeals. After the Court of Veterans Appeals decided Hamilton in banc, the Court of Veterans Appeals dismissed Roaquin's appeal for lack of jurisdiction. Based on Hamilton, the Court of Veterans Appeals concluded that the March 1988 NOD initiated Board review and because it was filed before November 18, 1988, the Court of Veterans Appeals lacked jurisdiction over Roaquin's appeal. See 38 U.S.C. Sec. 7105 Note. Roaquin appealed to this court.
 
 
 4
 This court stayed Roaquin's appeal until we decided Hamilton v. Brown, nos. 93-7090,-7091. In Hamilton, we affirmed the Court of Veterans Appeals' holding that the veterans court does not have jurisdiction if the NOD that initiated Board review was filed before November 18, 1988. Hamilton v. Brown, no. 93-7090,-7091, slip op. at 18, 26 (Fed. Cir. Nov. 8, 1994).
 
 
 5
 The Secretary argues that the Court of Veterans Appeals' decision that it had no jurisdiction over Roaquin's appeal should be summarily affirmed based on our holding in Hamilton. In response, Roaquin argues that the Court of Veterans Appeals should be bound by its first statement that the July 1990 document was a jurisdictionally valid NOD.
 
 
 6
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Hamilton. As in Hamilton, the Court of Veterans Appeals had no jurisdiction because the NOD that initiated Board review was filed before November 18, 1988. We have considered Roaquin's arguments and find them to be without merit.*
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The stay of proceedings is lifted.
 
 
 9
 (2) The Secretary's motion for summary affirmance is granted.
 
 
 10
 (3) Each side shall bear its own costs.
 
 
 
 *
 Roaquin's argument that the Court of Veterans Appeals was bound by its interlocutory ruling is without merit. The veterans court was free, indeed required, to reverse that ruling made by a single judge after it decided the issue differently in banc in Hamilton