62 F.3d 1431
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pablo P. BATAC, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3409.
 United States Court of Appeals, Federal Circuit.
 July 6, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit System Protection Board's decision holding that Pablo P. Batac was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Batac has not responded.
 
 
 2
 Batac was employed from 1961 until 1991 by the Department of the Air Force at Clark Air Force Base in the Philippines.* In 1991, Batac was separated when the base closed, and he applied for retirement benefits under the CSRA. OPM denied Batac's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Batac had served his entire career under "excepted (indefinite-intermittent)" or "temporary" appointments that were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(1), (a)(2), and (a)(13). The AJ thus concluded that while Batac had completed at least five years of creditable federal civilian employment, he had not been employed in a position covered by the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). Batac petitioned this court for review.
 
 
 3
 First, we note that 5 U.S.C. Sec. 8347(g) specifically excludes temporary appointments from qualifying as covered service. Second, this court recently addressed whether indefinite appointments qualify as covered service in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995). The exclusion of indefinite appointments is contained in OPM's regulation that interprets Sec. 8347(g). See 5 C.F.R. Sec. 831.201(a)(13). We held that it was proper to defer to OPM's interpretation of Sec. 8347(g) as excluding indefinite appointments because that interpretation was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that an indefinite appointment in the excepted service did not constitute covered service within the meaning of the CSRA. Id. at 520.
 
 
 4
 We agree with OPM that the Board's decision that Batac was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) OPM's motion for summary affirmance is granted.
 
 
 7
 (2) Each side shall bear its own costs.
 
 
 
 *
 We note that OPM has not provided us with any of Batac's SF-50 personnel forms. Apparently, some of those documents are no longer in existence. However, because Batac does not challenge any of the Administrative Judge's findings in his informal brief, we rely on those findings. OPM is advised that in the future it should provide the court with the applicable documentation