73 F.3d 378
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 FEDERAL-MOGUL CORPORATION, Plaintiff-Appellee,
and
The Torrington Company, Plaintiff,
v.
The UNITED STATES, Defendant-Appellee,
and
Fag Cuscinetti S.p.A., Defendant,
and
SKF USA Inc. and SKF Industrie S.p.A., Defendants-Appellants.
 No. 94-1182.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1995.
 
 Before PLAGER, Circuit Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 SKF USA Inc. and SKF Industrie S.p.A. (SKF) move to summarily reverse the United States Court of International Trade's November 30, 1993 judgment and to remand for further proceedings. Federal-Mogul Corporation opposes. The United States has not filed a response.
 
 
 2
 This appeal concerns the Court of International Trade's rejection of a tax-neutral methodology utilized by the Department of Commerce for adjusting the dumping margin to reflect value added taxes assessed on home market sales. See 19 U.S.C. Sec. 1677a(d) (1988). The Court of International Trade designated Federal-Mogul Corp. v. United States, 834 F.Supp. 1391 (Ct.Int'l Trade 1993), as the lead case regarding this issue. On appeal, this court reversed the judgment of the Court of International Trade, concluding that a tax-neutral methodology was not precluded by the Tariff Act of 1930 and that the Department of Commerce's interpretation of the statute was not in conflict with any precedents of this court or the Supreme Court. Federal-Mogul Corp. v. United States, 63 F.3d 1572 (Fed.Cir.1995). We remanded for further proceedings in accordance with our opinion, "including an opportunity for Commerce to inform the court whether it wishes to continue utilizing the tax-neutral methodology employed in its Final Determination." Federal-Mogul, 63 F.3d at 1582. The present appeal and others were stayed pending our decision in Federal-Mogul.
 
 
 3
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). Here, it is clear that summary disposition is warranted. The decision that we reversed in Federal-Mogul Corp. v. United States, 63 F.3d 1572 (Fed.Cir.1995), was relied on by the Court of International Trade as the basis for its decision in the present case. See Federal-Mogul Corp. v. United States, 17 Ct.Int'l Trade 1258 (1993) ( citing Federal-Mogul Corp. v. United States, 834 F.Supp. 1391 (Ct.Int'l Trade 1993)). Federal-Mogul admits that both cases concern the single issue of the validity of Commerce's tax-neutral methodology. However, Federal-Mogul additionally argues that this case should not be remanded at this time and that the appeal should be stayed until Commerce decides what methodology it is using in the lead case.
 
 
 4
 We agree that Federal-Mogul should continue to be the lead case for purposes of resolving the issues that remain to be considered. However, based on that decision, the judgment of the Court of International Trade in this case should be reversed and the case remanded so that the Court of International Trade, not this court, has jurisdiction over the case when proceedings in the lead case are resolved in the Court of International Trade. Thus, we agree with SKF that it is appropriate to summarily reverse the Court of International Trade's judgment in this case and to remand to the Court of International Trade.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) SKF's motion to summarily reverse the Court of International Trade's November 30, 1993 judgment and to remand to the Court of International Trade is granted.
 
 
 7
 (2) The revised official caption is reflected above.
 
 
 8
 (3) All sides shall bear their own costs.