106 F.3d 422
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Brigido T. MANABAT, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3051.
 United States Court of Appeals, Federal Circuit.
 April 01, 1996.
 
 64 M.S.P.R. 405.
 AFFIRMED.
 Before SCHALL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 BRYSON, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's decision holding that Brigido T. Manabat was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8331 et seq. Manabat has not responded.
 
 
 2
 Manabat was employed by the Department of the Air Force at Clark Air Base, Philippines from 1960 until his retirement in 1991. In 1993, Manabat applied for retirement benefits under the CSRA. OPM denied Manabat's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Manabat's service had been paid exclusively from nonappropriated funds and noted that, with certain limited exceptions, an employee paid from nonappropriated funds is not considered an "employee" under the CSRA. See 5 U.S.C. § 2105(c). The AJ also determined that Manabat was not eligible for retirement credit pursuant to 5 U.S.C. § 8332(b)(16). Thus, the AJ concluded that Manabat did not have creditable federal civilian employment and was not entitled to retirement benefits under the CSRA. See 5 U.S.C. § 8333(b). Manabat petitioned this court for review.
 
 
 3
 This court recently considered the issues raised by Manabat's petition for review. In Dupo v. Office of Personnel Management, 69 F.3d 1125 (Fed.Cir.1995), Severino Dupo had been employed by nonappropriated fund instrumentalities (NAFIs) throughout his entire career with the Navy. We held that service under a NAFI "is not, as a general rule, creditable service for purposes of the CSRA." The court stated:
 
 
 4
 According to 5 U.S.C. § 2105(c) (1994), a NAFI employee is explicitly excluded from the definition of an "employee" for purposes of the laws administered by OPM, except where otherwise provided. The CSRA is a law administered by OPM. See 5 U.S.C. 8347(a).
 
 
 5
 Dupo, 69 F.3d at 1128. We noted, however, that an individual who was employed by a NAFI is entitled to civil service retirement credit if (1) the service was performed between June 18, 1952 and January 1, 1966; (2) the service performed during that period involved conducting certain activities for personnel of the armed forces; and (3) the individual was an employee subject to the CSRA on November 9, 1986. See 5 U.S.C. 8332(b)(16). We determined that although Dupo's service satisfied the first requirement, there was no evidence that Dupo "led, managed or directed any of the recreational activities described in section 8332(b)(16)." Further, we determined that Dupo had been separated from his NAFI service with the Navy on January 30, 1981, and thus was not subject to the CSRA on November 9, 1986. Accordingly, we concluded that Dupo did not have creditable service within the meaning of the CSRA.
 
 
 6
 OPM argues that the Board's decision that Manabat was not entitled to retirement benefits should be summarily affirmed. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that Dupo is dispositive and that summary disposition is warranted. Manabat was employed exclusively by a NAFI. Because he was employed by a NAFI on November 9, 1986, his service was not creditable and he was not subject to the CSRA on that date. See 5 U.S.C. § 2105(c); 5 U.S.C. § 8332(b)(16).
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) OPM's motion for summary affirmance is granted.
 
 
 9
 (2) Each side shall bear its own costs.