101 F.3d 716
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carl Wayne STEWART, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5111.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 The United States moves for summary affirmance of the Court of Federal Claims' May 31, 1996 order dismissing Carl Wayne Stewart's complaint in part for failure to state a claim upon which relief can be granted and in part for lack of jurisdiction. Stewart opposes.
 
 
 2
 On May 29, 1996, Stewart filed in the Court of Federal Claims a brief complaint with various attachments relating to actions brought by Stewart in other forums, including the United States District Court for the Western District of Louisiana. The Court of Federal Claims dismissed Stewart's complaint, stating:
 
 
 3
 Plaintiff seems to argue that the United States has a contractual obligation to consider his action pursuant to the Federal Tort Claims Act. Such an argument does not establish a cause of action for which relief can be granted in this court. Other assertions and allegations that we can discern from a review of the attachments to plaintiffs [sic] complaint are barred by the doctrine of res judicata and not within the jurisdiction of this court in any event. The clerk will dismiss plaintiff's complaint. No costs.
 
 
 4
 Judgment was entered on May 31, 1996. Stewart appealed to this court.
 
 
 5
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. The Tucker Act does not provide a means by which the Court of Federal Claims may render judgment upon state law or tort claims. 28 U.S.C. § 1491(a)(1); see Buffalo Nat'l Bank v. United States, 26 Cl.Ct. 1436, 1443 (1992). Further, to the extent that Stewart seeks to challenge the rulings of the Louisiana district court, the Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of those courts. See Joshua, 17 F.3d at 380. We conclude that the Court of Federal Claims was clearly correct and that its order should be summarily affirmed.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The United States' motion for summary affirmance is granted.
 
 
 8
 (2) Each side shall bear its own costs.