**Richard Walter JOHNSON,
Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–5021.

United States Court of Appeals,
Federal Circuit.

Aug. 14, 2001.

Before BRYSON, GAJARSA, and DYK,
Circuit Judges.

BRYSON, Circuit Judge.

## ORDER

Richard Walter Johnson moves for various forms of relief. The court sua sponte considers whether the September 5, 2000 decision of the United States Court of Federal Claims should be summarily affirmed.

The Court of Federal Claims dismissed Johnson's complaint for lack of jurisdiction. The trial court stated:

Plaintiff's handwritten complaint is extremely difficult to decipher. The caption of plaintiff's complaint lists "U.S. Bankruptcy Court; People of the State of Colorado; William Jefferson Clinton; U.S.D.A., United States Department of Agriculture and otherwise or John and Jane Doe's 1 to infinity (7,777,777 +) or person[s]" as defendants. Later, in his "motion to expedite and status determination," plaintiff again lists the USDA and the numerous John and Jane Doe defendants, plus Richard (Allen) Westfall. When a plaintiff's complaint names private parties or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations. The jurisdiction of this court extends only to suits against the United States... Therefore, those claims made against any party other than the United States are, hereby, dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.

A careful reading of plaintiff's complaint and various motions does not reveal a cause of action cognizable by this court. Other than mentioning the United States Department of Agriculture, President Clinton, the infinite number of Does, the people of the State of Colorado, and the U.S. Bankruptcy Court in captions of his pleadings, plaintiff never refers to these parties in the body of his pleadings. Plaintiff indicates in his pleadings that he has sent the same body of pleadings to different courts, including the United States Court of Appeals for the Federal Circuit, the District of Columbia Superior Court, the "D.C. Court of Appeal," the Solicitor General, and the United States Supreme Court via the Solicitor General, in addition to this court. Among plaintiff's numerous allegations are the following topics: unconstitutional and intentional concentration post restrictions; government coverups of corruptions; trover action; 8th Amendment cruel and unusual punishment; 6–8 coincidental deaths; 1st Amendment violations of speech, press, religious freedom, and liberty of conscience; due process/equal protections violations; induced poverty; government intrusion; trespass on right of privacy; intentionally silencing plaintiff; coverup of mail fraud; unfair/malicious prosecution by "El Paso (Pueblo Counties Colorado" (plaintiff names several persons specifically, and they appear to be various county officials in Colorado, to include court and county clerks, the El Paso County district attorney and deputy district attorney, and the Attorney General of Colorado); all officers and any agencies or departments of the United States ... covering up and preventing exposure of white collar crime; conspiracy to intimidate plaintiff; government induced poverty, terrorism, tyranny, sedition, treason, misprison of a felony or otherwise misstates of law; fraud; negligence; destruction of "American Dream(s)" by the manifest miscarriage of justice; obstruction of justice; foiling to confuse; conversion or extortion; unfair stacked deck trial 7/7–12/97; foiling and corruption; embracery; and witness tampering.

\*    \*    \*    \*    \*    \*

With regard to plaintiff's allegations of violations of the United States Constitution, not every claim involving, or invoking, the Constitution necessarily confers jurisdiction on this court... This court, therefore, only can render judgment for money when the violation of a Constitutional provision, statute, or regulations independently mandates payment of money damages by the United States... The First Amendment, standing alone, cannot be interpreted to require the payment of money for its alleged violation, and, therefore, it does not provide an independent basis for jurisdiction in this court... Nor does the Fourth Amendment provide a basis for jurisdiction in this court... The same is true of allegations concerning violation of the Due Process clauses of the Fifth and Fourteenth Amendments and the Equal Protection clause of the Fourteenth Amendment, since nothing in those clauses can be read to mandate monetary compensation... There is no claim in plaintiff's complaint which alleges a cause of action under the takings clause of the Fifth Amendment, over which this court would have jurisdiction. Therefore, plaintiff's claims for violations of Constitutional amendments must be dismissed.

The plaintiff also appears to present claims that are, or could be, grounded in tort. The Tucker Act expressly excludes such claims from the jurisdiction of the United States Court of Federal Claims... This court also is without jurisdiction to hear any of plaintiff's claims which can be construed against him. This court does not have criminal justice jurisdiction... As best as the court can discern from the plaintiff's confused submission, the plaintiff also has not stated a claim which is premised upon an "express or implied contract with the United States," 28 U.S.C. § 1491, or an assertion that some applicable source of substantive law mandates compensation by the federal government for the damage sustained.

In conclusion, none of the cases, federal rules of civil procedure, federal rules of evidence, and statutory sections cited by plaintiff, support or present a cogent argument establishing jurisdiction over plaintiff's claims in this court. The plaintiff has failed to demonstrate that his claims mandate compensation by the federal government. Plaintiff fails to present facts or allegations which would support an argument establishing jurisdiction under the Tucker Act. Consequently, this court has no jurisdiction to entertain the plaintiff's claims. The court, therefore, dismisses the above-captioned case for lack of jurisdiction over the subject matter pursuant to RCFC 12(b)(1) and for failure to state a claim upon which relief can be granted under RCFC 12(b)(4).

Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir.1994) (summarily affirming the Court of Federal Claims' dismissal of a complaint). We agree that the Court of Federal Claims properly dismissed Johnson's complaint. Thus, because no substantial question exists regarding the outcome of the appeal, the court summarily affirms the judgment of the Court of Federal Claims.

Accordingly,

IT IS ORDERED THAT:

(1) The September 5, 2000 decision of the Court of Federal Claims is summarily affirmed.

(2) All remaining motions are moot.