**Nancy L. CRAWFORD, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5084.

United States Court of Appeals, Federal Circuit.

April 24, 2002.

Before LOURIE, LINN, and DYK, Circuit Judges.

PER CURIAM.

### ORDER

Nancy L. Crawford moves for summary judgment.* We consider whether the decision of the Court of Federal Claims should be summarily affirmed.

Crawford filed a complaint against the United States. On January 24, 2002, the Court of Federal Claims dismissed the complaint for failure to state a claim upon which relief can be granted. The Court of Federal Claims explained:

The court is in receipt of Nancy L. Crawford's January 23, 2002 amended

---

* Crawford also complains about the restrictions placed on her access to the court and court employee conduct toward her. We conclude that the restrictions are necessary, reasonable, and do not interfere with her right to access. Further, we find no improper conduct by court personnel.

complaint against the United States. Ms. Crawford is a *pro se* plaintiff, suing the federal government for the payment of back salary and expenses in the amount of $400,000. Ms. Crawford alleges that she is entitled to this payment as the President of the United States of America. *See* Comp. ¶ 13.

In her complaint, Ms. Crawford asserts that she [is] due this payment as the President under Article II of the Constitution. Article II, Section 1 of the Constitution provides as follows:

The executive Power shall be vested in a President of the United States of America. He shall hold his Office during the Term of four Years, and, together with the Vice President, chosen for the same Term, *be elected*, as follows: Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in Congress: but no Senator or Representative, or Person holding an Office of Trust or Profit under the United States, shall be appointed an Elector. (Emphasis added.)

The court must take judicial notice of the fact that George Walker Bush was sworn in as the forty-third President of the United States of America on January 20, 2001, an office he still holds. President Bush, and not Ms. Crawford, was chosen by the American people, through the Electoral College, to lead the nation, as directed by Article II of the Constitution. As such, Ms. Crawford has no valid claim to salary or expenses from the federal government based on her alleged presidency.

In these circumstances, Ms. Crawford's complaint must be dismissed for failure to state a claim upon which relief may be granted. *See* Rule 12(b)(4) of the U.S. Court of Federal Claims. The clerk is therefore directed to enter an order DISMISSING this case with prejudice.

Crawford appealed and moves for summary judgment and to "be paid her salary." Crawford has not shown entitlement to such relief.

We sua sponte consider whether we should affirm the judgment of the Court of Federal Claims at this juncture. Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994). In the present case, and based upon the trial court's reasons as stated above, it is clear that summary affirmance is warranted.

Accordingly,

IT IS ORDERED THAT:

(1) Crawford's motion for summary judgment is denied.

(2) The Court of Federal Claims' judgment is summarily affirmed.

(3) Each side shall bear its own costs.