**Dennis J. MARTINEZ, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

No. 02–3017.

United States Court of Appeals,
Federal Circuit.

April 24, 2002.

Before LOURIE, LINN, and DYK,
Circuit Judges.

LINN, Circuit Judge.

### ORDER

The United States Postal Service moves for summary affirmance of the Merit Systems Protection Board's July 20, 2001 opinion and order determining that the Postal Service had complied with the Administrative Judge's (AJ) previous order. Dennis J. Martinez has not responded.

Martinez filed a petition for enforcement of an earlier Board decision. The AJ issued a recommendation that the agency was in noncompliance because it failed to retroactively amend its records to designate Martinez' normal duty status for the period between August 15, 1998 and September 15, 1998, failed to provide a detailed accounting for back pay with interest, and failed to pay the amount of the undisputed balance to Martinez. On review, the Board issued a show cause order. The agency took further action and declared it was in compliance. The Board agreed. The Board cited to Martinez' failure to support his allegation that the agency had failed to produce a "true accounting," and found no evidence of "[s]pecifics ... demonstrating the agency's error."

Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir.1994) (summarily affirming the Court of Federal Claims' dismissal of a complaint). The Postal Service argues that summary affirmance is appropriate because the "Martinez has failed to carry his burden to establish that the agency has not complied with the board's order." Martinez does not give any reason why the Board's decision is erroneous, stating only that this court should make the Postal Service comply with the AJ's decision and to "make [petitioner] whole." The only other information Martinez provides in his informal brief is that argument will aid this court "to eliminate heresay [sic] accounting and bring forth a true accounting."

We agree that the Board's decision was correct in dismissing Martinez' petition for enforcement because Martinez failed to present any evidence. Thus, because no substantial question exists regarding the outcome of the instant appeal, the court summarily affirms the decision of the Board.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted.

(2) Each side shall bear its own costs.