**Frederick W. GREENFIELD, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 01–3006.

United States Court of Appeals, Federal Circuit.

Nov. 1, 2002.

Before MAYER, Chief Judge, GAJARSA and DYK, Circuit Judges.

DYK, Circuit Judge.

*ORDER*

The Department of the Navy moves to summarily affirm the decision of the Merit Systems Protection Board that denied Frederick W. Greenfield's request for law enforcement officer (LEO) credit. Greenfield has not responded.

We previously stayed proceedings in this appeal pending a decision in a lead case involving the same issue, *Watson v. Department of Navy,* no. 00–3387. The court lifted the stay of proceedings after our decision in that lead case. *Watson v. Department of Navy,* 262 F.3d 1292 (Fed.Cir. 2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 8176, 151 L.Ed.2d 700 (2002). In *Watson,* we held that the Board's position-oriented approach to determining LEO

credit was consistent with the statutes and regulations governing LEO eligibility and that the petitioners in that case had not shown that their service entitled them to LEO credit.

In the present case, the Board noted that Greenfield had stated that he performed the same duties as the officers in the *Watson* case, notwithstanding the difference in job titles (Greenfield was identified as a "lead police officer" and the employees in *Watson* were identified as police officers). The Board determined that Greenfield, like the employees in the *Watson* case, had failed to show entitlement to LEO credit.

In its motion, the Navy argues that this court's decision in *Watson*, and Greenfield's concessions concerning his duties, compels that we summarily affirm the Board's decision in this case. We agree. *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted.

Accordingly,

IT IS ORDERED THAT:

(1) The Navy's motion to summarily affirm is granted.

(2) Each side shall bear its own costs.