*500 ON MOTION
Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.

ORDER

SCHALL, Circuit Judge.
The United States moves for summary affirmance of the United States Court of Federal Claims’ judgment in Wolf v. United States, No. 04-226C (Sep. 22, 2004), dismissing Cheryl A. Wolf and Raymond J. Fallica’s (collectively Wolf) claims “under the Constitution, False Claims Act, and RICO ... for failure to state a claim” and claims “under the ‘Civil Rights Act’ ” for lack of jurisdiction. Wolf opposes and moves for summary judgment,* a “nihil dicit judgment,” and final judgment.
The trial court noted that Wolfs complaint is “difficult to understand” and we are similarly challenged by Wolfs submissions on appeal. However, the trial court was able to ascertain that Wolf was an unsuccessful bidder on one of the United States Merchant Marine Academy’s nonappropriated fund construction projects. A dispute ensued and Wolf filed a complaint against the United States. Wolf did not file a bid protest action. Rather, Wolf alleged that the Academy and certain affiliated individuals were subject to criminal and civil liability under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 (2004). The complaint further alleged that the Internal Revenue Service violated various provisions of the United States Constitution and RICO in not granting Wolf certain tax credits. The complaint claimed that the Academy, its contractors, and others violated the Constitution and civil rights laws. Additionally, the complaint asked the trial court to initiate “a qui tarn procedure to enable plaintiffs to retrieve all illegal profits to be returned to the United States Government under the False Claims Act,” 31 U.S.C. § 3729 (2004).
The trial court addressed Wolfs various RICO allegations, concluding:
Established case law under RICO makes it clear ... that an agency of the United States cannot commit a crime *501 actionable under RICO. The United States, as the government, cannot be liable for criminal acts under RICO. Therefore, it cannot be liable for damages under the civil RICO provisions. Consequently, the plaintiffs’ claims based on RICO must be dismissed for failure to state a claim upon which relief can be granted.
Citations omitted.
Turning to Wolfs constitutional and civil rights claims, the trial court explained that because the 14th Amendment does not apply to acts by the United States, Wolf failed to state a claim under the 14th Amendment. The trial court similarly dismissed Wolfs Bivens actions as such actions cannot be maintained against the United States. See Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). The trial court held that any claims arising under the civil rights laws “may be heard only in federal district court. See 28 U.S.C. § 1343 (2004); 42 U.S.C. § 1983 (2004); 42 U.S.C. § 2000e-5(f) (2004).” The court dismissed those claims for lack of jurisdiction. Finally, the trial court dismissed Wolfs False Claims Act claims for lack of jurisdiction because: “Here, the plaintiffs charge that the government made improper payments to other government agencies.... [B]y its terms the False Claims Act does not apply to payments which were made wrongfully by the government to another government agency.” To the extent Wolfs claims did fall within the False Claims Act, the trial court noted that those claims may only be heard in federal district court, citing 31 U.S.C. §§ 3730(b), 3732(a) (2004).
Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir.1994) (summarily affirming the Court of Federal Claims’ dismissal of a complaint). The trial court was correct in concluding that Wolf either failed to state a claim or that the court lacked jurisdiction over the claims of the complaint. Thus, because no substantial question exists regarding the outcome of Wolfs appeal, the court summarily affirms the judgment of the Court of Federal Claims dismissing Wolfs case.
Accordingly,
IT IS ORDERED THAT:
(1) The United State’s motion to summarily affirm the Court of Federal Claims’ judgment is granted.
(2) Wolfs motion for summary judgment is denied.
(3) Wolfs motion for judgment nihil elicit is denied.
(4) Wolfs motion for final judgment is denied.
(5) Each side shall bear its own costs.

 Wolf's motion for leave to file the motion for summary judgment is granted.