**Anthony MOORE, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 2008–5083.

United States Court of Appeals,
Federal Circuit.

Aug. 5, 2008.

Anthony Moore, Bismarck, ND, pro se.

Jeanne E. Davidson, Department of Justice, Washington, DC, for Defendant–Appellee.

Before BRYSON, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

*ORDER*

ON MOTION

PER CURIAM.

Anthony Moore moves to vacate the decision of the United States Court of Federal Claims in *Moore v. United States,* No. 08–CV–319, and to remand. The United States moves for a four-day extension of time to respond to Moore's motion, submits its opposition to Moore's motion, and moves to summarily affirm the Court of Federal Claims' dismissal of Moore's complaint for lack of jurisdiction. Moore opposes.

Moore filed a complaint in the Court of Federal Claims, alleging that the United States Postal Service and its employees tampered with his mail. He sought $11,000 in compensation. Explaining that the Court of Federal Claims lacked jurisdiction over tort claims or claims against individual Federal government officials or private individuals, and further noting that Moore's claims were not based upon any money-mandating statutes, regulations, constitutional provisions, the court dismissed the complaint.

Moore appealed and moves to remand the matter for the Court of Federal Claims to "automatically apply the correct money[-]mandating statute or code" to support his claims.

We agree with the United States that summary affirmance is warranted. Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994). The Court of Federal Claims correctly determined that Moore did not assert a claim based upon a money-mandating statute, regulation, or constitutional provision and correctly determined that it does not have jurisdiction over tort claims.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for an extension of time is granted.

(2) The motion for summary affirmance is granted.

(3) The motion to vacate and remand is denied.

(4) All sides shall bear their own costs.