NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**LEONARD D. FUQUA,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2019-1860

———————————

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00125-LAS, Senior Judge Loren A. Smith.

———————————

Decided: September 12, 2019

———————————

LEONARD D. FUQUA, Riverdale, IL, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, REGINALD THOMAS BLADES, JR., ROBERT EDWARD KIRSCHMAN, JR.

———————————

Before DYK, LINN, and TARANTO, *Circuit Judges.*

PER CURIAM.

Leonard D. Fuqua appeals a decision from the Court of Federal Claims ("Claims Court") dismissing his complaint for lack of subject matter jurisdiction. We *affirm*.

BACKGROUND

Leonard Fuqua ("Fuqua"), a former postal worker, originally brought suit in the Northern District of Illinois against the Postmaster General, the Postal Service, the National Postal Mail Handlers Union ("national union"), and the national union's local affiliate. In his first complaint, he alleged that the Postal Service discriminated against him based on his age and breached a collective bargaining agreement's protections for senior employees. He also brought claims against the national union and its local affiliate for breach of the union's duty of fair representation. Fuqua alleged that the national union and its local affiliate violated this duty by failing to challenge allegedly discriminatory actions by the Postal Service. The national union was served with the complaint and entered an appearance.

The record hereafter is somewhat confusing. It appears that a second amended complaint, filed on December 14, 2012, continued to name national union. But in Fuqua's second amended verified complaint, filed on January 15, 2013, Fuqua did not name the national union as a defendant, naming only the union's local affiliate and the Postal Service. After the national union did not respond to Fuqua's second amended verified complaint, Fuqua sought a default judgment from the district court. The district court clerk signed and docketed an order of default judgment submitted by Fuqua. Several days later, the district court effectively vacated the default judgment, denying Fuqua's request for entry of default judgment as "inappropriate" because the national union had in fact appeared before the court. The district court ultimately dismissed Fuqua's claims against the Postal Service for breach of the

collective bargaining agreement and his claims against the union's local affiliate for breach of its duty of fair representation. The district court also granted summary judgment for the Postal Service on the discrimination claim.

Fuqua appealed the district court judgement to the Court of Appeals for the Seventh Circuit. The Seventh Circuit affirmed the district court's summary judgment decision and its dismissal of Fuqua's other claims against the Postal Service and the union's local affiliate. The Seventh Circuit also upheld the district court's decision to set aside the entry of default. It reasoned that "the national union was not subject to a default judgment because Fuqua had not named [the national union] as a defendant in his Second . . . Verified Complaint[], . . . which supersede[d] and void[ed] any previous complaint that named the national union as a defendant." Fuqua was thus "not entitled to judgment against a non-party."

After a petition for a writ of certiorari was denied by the Supreme Court, Fuqua filed suit in the Court of Federal Claims, requesting the amount of default judgment he sought in district court and alleging that the district court violated his rights when it denied him a default judgement. The Claims Court *sua sponte* concluded that it lacked subject matter jurisdiction to review the decisions of another court and dismissed Fuqua's complaint. Fuqua appeals.

## DISCUSSION

The subject matter jurisdiction of the Court of Federal Claims is a question of law that we review *de novo*. *Allustiarte v. United States*, 256 F.3d 1349, 1351 (Fed. Cir. 2001). We find that the Claims Court correctly determined that it lacks jurisdiction to hear Fuqua's case. Under the Tucker Act, the Claims Court has jurisdiction over cases "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for

liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

Fuqua appears to argue that the district court erred because he was requesting a default judgment based on the national union's failure to respond to an earlier complaint to which the national union was a party, and not the second amended verified complaint, which no longer named the national union. The Claims Court accurately noted below that "Plaintiff [is ultimately] attempt[ing] to impute legal liability upon the United States for an alleged wrongful application of law in a federal court." Order at 2. As we've stated in prior decisions, "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *see also Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) (collecting cases).

Accordingly, the Claims Court correctly concluded that it lacked jurisdiction and properly dismissed Fuqua's complaint.

**AFFIRMED**

Costs

No costs.