NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH PARROTT, SR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-2237

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00147-MHS, Judge Matthew H. Solomson.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Joseph Parrott, Sr. has appealed from the final judgment of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction.  He moves for leave to proceed *in forma pauperis.*  We summarily affirm.

Mr. Parrott brought this suit in the Court of Federal Claims alleging that he was wrongly accused of criminal conduct, had been harassed and discriminated against by

state employees, had been wrongfully deprived of access to copies of his entire state criminal record, and that the federal government failed to follow up with his complaints about these actions. The Court of Federal Claims *sua sponte* dismissed for lack of jurisdiction.

Summary affirmance is appropriate here because "no substantial question regarding the outcome of the appeal exists," *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Court of Federal Claims is a federal tribunal of limited jurisdiction. 28 U.S.C. § 1491. It may only review claims against the United States based on a source of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citations omitted). Here, the Court of Federal Claims was clearly correct that it did not have jurisdiction to review any of the claims raised in Mr. Parrott's complaint because those claims were not against the United States or were claims against the United States that were clearly outside the limited grant of jurisdiction to the Court of Federal Claims.

Mr. Parrott's brief primarily raises arguments concerning the False Claims Act, 31 U.S.C. § 3729 *et seq.*, Br. at 4–5, but it is well settled that the Court of Federal Claims lacks jurisdiction over such claims, which may only be brought in district court, 31 U.S.C. § 3732(a) ("Any action under section 3730 [for civil actions under the False Claims Act] may be brought in any *judicial district* in which the defendant . . . can be found, resides, [or] transacts business" (emphasis added)); *LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed. Cir. 1995) (holding that such "suits may only be heard in the district courts"). He also argues that the United States is liable for a breach of Article I, Section 9, Clause 8 of the Constitution ("Titles of Nobility and Foreign Emoluments"), and the Moroccan-American Treaty of Peace and Friendship, Br. at 4, but Mr. Parrott has provided no cognizable basis to fairly interpret either as mandating compensation by the federal government.

Accordingly,

IT IS ORDERED THAT:

(1)  Mr. Parrott's opening brief, ECF No. 8, is accepted for filing.

(2)  The judgment of the United States Court of Federal Claims is affirmed.

(3)  All pending motions are denied as moot.

(4)  Each side shall bear its own costs.

FOR THE COURT

June 8, 2023                          /s/ Jarrett B. Perlow
    Date                             Jarrett B. Perlow
                                     Acting Clerk of Court