NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KARLA SUE PODLUCKY, GREGORY JOSEPH PODLUCKY,**

*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1014

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01124-CNL, Judge Carolyn N. Lerner.

---

**ON MOTION**

---

Before LOURIE, MAYER, and HUGHES, *Circuit Judges*.

PER CURIAM.

**O R D E R**

The United States moves to summarily affirm the judgment of the United States Court of Federal Claims dismissing appellants' case for lack of jurisdiction. Appellants have not responded but have filed their opening brief.

As noted in our previous decisions involving the appellants,[1] Gregory Joseph Podlucky pleaded guilty to certain crimes and agreed to forfeit "all pieces of gems and jewelry that were seized as evidence . . . with the exception of certain personal pieces to be agreed upon by the parties." *Podlucky III*, 2022 WL 2951461, at *1 (cleaned up).

Appellants subsequently filed multiple, unsuccessful cases seeking compensation based on an alleged violation of that agreement. In their most recent attempt, appellants filed this suit in the Court of Federal Claims, asserting "a breach-of-contract claim against the government," alleging "the government agreed to return nearly $5 million in jewelry" as "memorialized in Mr. Podlucky's June 2011 plea agreement," Dkt. No. 1 at 1 (citation omitted). The trial court dismissed the case, and this appeal followed.

As we have previously explained, the Court of Federal Claims has no jurisdiction over claims for alleged breach of this plea agreement, *Podlucky I*, 2022 WL 1791065, at *2; the "appropriate forum for Mr. Podlucky's claims regarding the alleged breach of his plea agreement was the United States District Court for the Western District of Pennsylvania" (which already denied relief), *id.* (citing *United States v. Podlucky*, No. 2:09-cr-278, ECF No. 151 at 10 (W.D. Pa. Mar. 24, 2021)); and any alleged taking claim here is time-barred, *Podlucky III*, 2022 WL 2951461 at *1.

Thus, summary affirmance is appropriate because the Court of Federal Claims's dismissal for lack of jurisdiction

---

[1]    *See Podlucky v. United States*, No. 2022-1319, 2022 WL 2951461 (Fed. Cir. July 26, 2022) ("*Podlucky III*"); *Podlucky v. United States*, No. 2022-1328, 2022 WL 2951453 (Fed. Cir. July 26, 2022) ("*Podlucky II*"); *Podlucky v. United States*, No. 2021-2226, 2022 WL 1791065 (Fed. Cir. June 2, 2022) ("*Podlucky I*").

"is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists," *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Accordingly,

IT IS ORDERED THAT:

(1) The United States's motion for summary affirmance is granted, and the Court of Federal Claims's judgment is summarily affirmed.

(2)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

January 29, 2025
Date