NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARYL JEROME GORDON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1016

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-02035-KCD, Judge Kathryn C. Davis.

---

**ON MOTION**

---

Before TARANTO, STOLL, and STARK, *Circuit Judges.*

PER CURIAM.

## O R D E R

The United States moves to summarily affirm the final judgment of the United States Court of Federal Claims dismissing Daryl Jerome Gordon's complaint. Mr. Gordon has not responded. We grant the motion.

According to his complaint, Mr. Gordon was involved in a dispute before the Dallas County District Court in

which he was denied child custody and required to pay child support. He then filed this case, seeking "a thorough investigation into the child support orders and modifications thereof," "[a]djustment of child support," and "[d]amages for emotional distress and financial loss,"[1] arguing that he received inadequate legal representation during those proceedings and that disclosure and use of his "VA disability income in the child support calculations constitutes a violation of the Privacy Act of 1974."[2]

The Court of Federal Claims granted the government's motion to dismiss Mr. Gordon's complaint for want of subject matter jurisdiction. The court explained that it lacked authority to review the state court custody proceedings and, more generally, any claim against the Texas state court and other state agencies since its jurisdiction under the Tucker Act, 28 U.S.C. § 1491, was limited to monetary claims against the United States. The Court of Federal Claims further explained that the Privacy Act's exclusive grant of jurisdiction to federal district courts[3] precludes it from exercising review under the Tucker Act.

Summary affirmance is appropriate here, because dismissal was "so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The trial court was clearly correct that it could not entertain Mr. Gordon's collateral attacks on the Texas state court proceedings or claims against other Texas agencies, because it only has jurisdiction over claims against the United States. *See United States v. Sherwood*, 312 U.S.

---

[1]    Appx16, ECF No. 6.

[2]    Appx15, ECF No. 6.

[3]    *See* 5 U.S.C. § 552a(g)(1) (providing jurisdiction in the United States district courts).

584, 588 (1941).  Our cases have also uniformly concluded that the Court of Federal Claims lacks jurisdiction over Privacy Act claims.  *See Bias v. United States*, 722 F. App'x 1009, 1014 (Fed. Cir. 2018) (collecting cases).

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted.  The judgment of the United States Court of Federal Claims is affirmed.

(2)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 27, 2025
Date