NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER JOSEPH POLINSKI,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1578

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01810-EHM, Judge Edward H. Meyers.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Peter Joseph Polinski moves for an injunction.  The United States opposes and moves for summary affirmance.  Mr. Polinski has not responded to the United States's motion but has filed a brief and a motion for an emergency stay of a bench warrant from other proceedings.

Mr. Polinski filed this suit in the United States Court of Federal Claims seeking more than $46 billion based on

myriad alleged constitutional violations by state and local entities and officials. Mr. Polinski also alleged the United States was "liable for the actions of state employees who violated the plaintiff's civil rights under Title 42 U.S.C. § 1983, acting under color of state law," Appx 43, for its "failure to adequately supervise and train local and state officials," Appx 44, and "to ensure the proper discharge of obligations by the New York State Treasurer," Appx61. The Court of Federal Claims dismissed Mr. Polinski's complaint for lack of subject matter jurisdiction.

Summary affirmance is appropriate because the Court of Federal Claims's decision "is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). That court's jurisdiction is generally limited to a monetary claim against the United States based on a contract, the Constitution, or other money mandating source of federal law not sounding in tort. 28 U.S.C. § 1491; *see Boeing Co. v. United States*, 119 F.4th 17, 21 (Fed. Cir. 2024). The court was clearly correct that Mr. Polinski failed to assert such a claim; "[section] 1983 is assuredly not available for suits against the United States," *Cannon v. Univ. of Chicago*, 441 U.S. 677, 700 n.27 (1979), and appellant has identified no federal statute or constitutional provision that is a money-mandating source of law for claims against the United States for actions of state or local officials or governments or liability of the United States for failure to supervise or train such officials. We have considered Mr. Polinski's arguments and conclude that they do not raise any non-frivolous assertion of error.[1]

---

[1] As for Mr. Polinski's arguments regarding proceedings in other courts, he has not identified any basis for this court's jurisdiction. *See* 28 U.S.C. § 1295.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for summary affirmance is granted, and the judgment of the Court of Federal Claims is summarily affirmed.  Each party shall bear its own costs.

(2)  All other pending motions are denied.

FOR THE COURT

May 20, 2025
Date

Jarrett B. Perlow
Clerk of Court