**Ernest Ralph ELLIS, Sr.,
Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–5147.

United States Court of Appeals,
Federal Circuit.

Oct. 19, 2001.

Before MICHEL, RADER, and
GAJARSA, Circuit Judges.

RADER, Circuit Judge.

### ORDER

The United States moves to summarily affirm the Court of Federal Claims' judgment dismissing Ernest Ralph Ellis, Sr.'s complaint because it was filed beyond the six-year statute of limitations for such actions. Ellis opposes.

Ellis filed a complaint with the Court of Federal Claims on January 25, 2001, seeking either $12 million or $12 billion in damages for an alleged breach of contract due to his discharge from the Navy in 1975. The Court of Federal Claims dismissed the complaint because it was filed beyond the six-year statute of limitations. The Court of Federal Claims also noted that a previous complaint challenging Ellis's discharge, filed in 1982, was dismissed in 1983 as beyond the statute of limitations. Ellis appealed the dismissal of his 2001 complaint to this court.

In his informal brief in this court, Ellis primarily argues the merits of his complaint. In response to the issue of the timeliness of his complaint, Ellis asserts that he was unaware of his cause of action before he filed suit, even though he filed an action in 1982 regarding the discharge, and that the nature of his injury "was inherently unknowable at the time the cause of action [accrued]."

The United States argues that the Court of Federal Claims' judgment should be summarily affirmed. We agree. Summary disposition of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir. 1994). In the present case, it is clear that summary disposition is warranted. Ellis's complaint is barred by the statute of limitations.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) Each side shall bear its own costs.