ON MDTION
SCHALL, Circuit Judge.

ORDER

We treat the letter of William Pikulin and Savely Petreykov (collectively Pikulin) as a motion for leave to file briefs that are not in conformance with the rules. The United States moves for summary affirmance of the Court of Federal Claims’ decisions in 01-274C and 01-343C. Pikulin has not responded.
In Court of Federal Claims case 01-274C, Pikulin filed a complaint against the “United States Government Judicial Branch,” naming the clerk of the United States District Court for the Southern District of New York as the defendant. On November 29, 2001, the trial court, treating the complaint as one seeking to reverse a ruling of the Southern District of New York, dismissed for lack of jurisdiction. On January 3, 2002, the Court of Federal Claims denied Pikulin’s motion for reconsideration and his motion for the judge’s disqualification.
In Court of Federal Claims case 01-343C, Pikulin filed a complaint against the clerk of the United States District Court for the Eastern District of New York. On September 26, 2001, the trial court, treating the complaint as one seeking to reverse a ruling of the Eastern District of New York, dismissed for lack of jurisdiction. On November 28, 2001, the Court of Federal Claims denied Pikulin’s motion for reconsideration.
Summary affirmance of a case is appropriate, inter alia, “when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists”). Josh *463 ua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). We agree with the United States that there is no question that the complaints faded to satisfy the jurisdictional prerequisites necessary to proceed in the Court of Federal Claims. Thus, because no substantial question regarding the outcome of these appeals exists, summary affirmance is appropriate.
Accordingly,
IT IS ORDERED THAT:
(1) The United States’ motion for summary affirmance is granted.
(2) Pikulin’s motion for leave to file a nonconforming brief is moot.
(3) Each side shall bear its own costs.