Merced NAVA, (aka Ernie, Tomas, Lascano), Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 02–5185.

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 21, 2003.

Before LOURIE, BRYSON, and GAJARSA, Circuit Judges.

### ORDER

GAJARSA, Circuit Judge.

The United States moves for summary affirmance of the August 30, 2002 judgment of the United States Court of Federal Claims dismissing Merced Nava's complaint for lack of jurisdiction.

Nava filed a complaint alleging that:

Plaintiff has been victimized and negated by the effected conspiracy of many links commanded by the United States Soccer Federation consummating the *perfect and impune crime of stealing* plaintiff's methods to produce world class professional soccer players and to deny to plaintiff the international opportunities and rewards player and coaches USSF has taught and trained using the methods USSF and its coconspirators stole from plaintiff, the "To'To in the Grass Football Soccer Academy."

The Court of Federal Claims dismissed for lack of subject matter jurisdiction. The trial court determined that "[b]ecause the allegations of the complaint state a claim which appears to be lodged against the United States Soccer Federation, rather than the United States, the court lacks jurisdiction over plaintiff's complaint."

Summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists". *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994). In his 70–page complaint, Nava seeks damages from several entities and individuals but not from the United States.

The Court of Federal Claims correctly held that it lacks jurisdiction over claims against defendants other than the United States. *See* 28 U.S.C. § 1491(a)(1). We conclude that no substantial question regarding the outcome of this appeal exists; therefore, summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) Each side shall bear its own costs.