Aghostinho REIS, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 05–5013.

United States Court of Appeals, Federal Circuit.

June 2, 2005.

Before MICHEL, Chief Judge, DYK and PROST, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The United States moves to summarily affirm the United States Court of Federal Claims' judgment in *Reis v. United States*, 04–288C, dismissing Agostinho Reis' action

as barred by the statute of limitations. Reis has not responded.

In 2004, Reis filed a complaint citing 24 statutory provisions and referring to activities and meetings with numerous agents and high ranking officials of various nations between 1973 and 1995. Among other things, he alleged that he entered a moiety agreement with the United States in return for assisting the Federal Bureau of Investigation (FBI) with a multi-million dollar bank fraud investigation. Specifically, Reis claimed that sometime shortly after a 1993 meeting with an FBI agent, he entered a:

> formal contract and began to provide assistance under said contract until I was terminated for reporting a $3,500,000.00 Million Dollar Bribe to a United State Attorney and the Attorney General of the United States JANET RENO, in return for their ordering the FBI to give a Nominee for the United States Court of Appeals for the Second Circuit a false satisfactory background report.

The Court of Federal Claims held that to the extent the facts asserted in Reis's complaint were true and established claims within the trial court's jurisdiction, the action was untimely under 28 U.S.C. § 2501 because all of the alleged events giving rise to a cause of action occurred more than six years before the date of complaint.

Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir.1994) (summarily affirming the Court of Federal Claims' dismissal of a complaint). Here, the Court of Federal Claims held:

Reading the facts of the complaint favorably to the plaintiff, we will assume that the agents involved had authority to bind the United States to pay plaintiff for information. We will also assume that he was entitled by contract or statute to a moiety. The complaint nevertheless must be dismissed as untimely. Defendant is correct that the only relevant limitations period is that set out in 28 U.S.C. § 2501, namely, six years after the events giving rise to the cause of action. The most generous reading of plaintiff's pleadings or other submissions is that the last events relevant to breach [of the moiety agreement] occurred in 1997.

Having reviewed the motion papers and Reis's complaint, we conclude that the Court of Federal Claims correctly determined that all of the alleged acts giving rise to Reis's cause of action occurred more than six years before he filed his complaint and, therefore, his complaint was barred by the statute of limitations, 28 U.S.C. § 2501. Thus, because no substantial question exists regarding the outcome of Reis's appeal, the court summarily affirms the judgment of the Court of Federal Claims.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to summarily affirm the Court of Federal Claims' judgment is granted.

(2) Each side shall bear its own costs.