Allegra D. HEMPHILL,
Plaintiff–Appellant,

v.

The PROCTER & GAMBLE
COMPANY, Defendant–
Appellee,

and

Kimberly–Clark Corporation,
Defendant–Appellee.

No. 2006–1300.

United States Court of Appeals,
Federal Circuit.

May 1, 2006.

Allegra D. Hemphill, pro se.

Before BRYSON, GAJARSA, and
PROST, Circuit Judges.

PER CURIAM.

### ORDER

The Procter & Gamble Company (P & G) move to summarily affirm the February 13, 2006 order of the United States District Court for the District of Maryland in district court case no.2002–3736 or, in the alternative, to dismiss Allegra D. Hemphill's appeal as frivolous. Kimberly–Clark Corporation joins the motion. Hemphill opposes.

In 2002, Hemphill sued P & G and Kimberly–Clark for infringement of the patent. The district court granted summary judgment of noninfringement. Hemphill appealed and this court affirmed the district court's judgment in 2004. The Supreme Court denied Hemphill's petition for a writ of mandamus in 2004. In 2005, Hemphill filed a motion for "final judgment" and to amend the judgment in the district court. The district court denied the motions. In this appeal, Hemphill seeks review of the denial of her motion for final judgment.

In its order denying Hemphill's motion for final judgment, the district court stated:

Plaintiff now requests a "Final Judgment." It appears that Plaintiff believes that this court has not yet ruled on her claims alleging patent infringement. Plaintiff seems to assert that the court's grant of summary judgment for Defendants is in some way separate and apart from any ruling on her claims, which she contends are still pending. Plaintiff is mistaken. This court's April 15, 2003, Order fully resolved Plaintiff's claims in favor of Defendants. Judgment was entered on behalf of Defendants and against Plaintiff, and the case was closed. Plaintiff's later motion to amend the judgment was denied. Plaintiff's claims have been fully adjudicated in this court. Moreover, Plaintiff's appeal has been heard and decided by the Federal Circuit, which affirmed this court's earlier ruling. Accordingly, there is nothing further for this court to determine with regard to Plaintiff's case. Plaintiff's motion will now be denied.

P & G argue that we should summarily affirm the district court's order. We agree. Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary affirmance is warranted. Hemphill argues that the district court did not decide if her patent was

infringed. However, we note that the district court granted summary judgment of noninfringement and that we affirmed that determination.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for summary affirmance is granted.

(2) The alternative motion to dismiss is denied.

(3) All sides shall bear their own costs.