NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

ASIA PACIFIC MICROSYSTEMS, INC.,
*Appellant,*

v.

INTERNATIONAL TRADE COMMISSION,
*Appellee,*

AND

HEWLETT-PACKARD COMPANY AND HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.,

*Intervenors.*

---

2012-1225

---

On appeal from the United States International Trade Commission in Investigation No. 337-TA-723.

---

ON MOTION

---

Before NEWMAN, LOURIE, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

# ORDER

Hewlett-Packard Company and Hewlett-Packard Development Company, L.P. (Hewlett-Packard) move to dismiss the appeal. The International Trade Commission (ITC) supports the motion. Asia Pacific Microsystems, Inc. (APM) opposes. Hewlett-Packard replies.

This appeal arises out of a complaint brought by Hewlett-Packard at the ITC that in relevant part stated claims for induced and contributory infringement by APM of U.S. Patent Nos. 6,234,598, 6,309,053, 6,398,347, 6,481,817 and 6,402,279 (the asserted patents). The Administrative Law Judge (ALJ)'s initial determination found that APM did not induce infringement of the asserted patents but that APM did contributorily infringe the asserted patents and therefore violated 19 U.S.C. § 1337(a)(1). The ALJ further recommended that a general exclusion order should issue because the respondents would likely circumvent a limited exclusion order.

Both parties and the Office of Unfair Import Investigations petitioned the ITC to review that determination. The ITC decided to review only the induced infringement findings, adopting the ALJ's determinations that APM contributorily infringed the asserted patents. On review, the ITC concluded that APM also induced infringement, and agreed that a general exclusion order should issue. APM appealed to this court with the assistance of legal counsel. Hewlett-Packard subsequently intervened, and now moves to dismiss, noting that in its opening brief APM presents arguments related only to the issue of induced infringement, and thus APM has waived any argument regarding contributory infringement.

It is well settled that an appellant's failure to raise an argument in its opening brief may constitute a waiver of that argument. *See Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 817, 833 (Fed. Cir. 2010); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("Our law is well established that arguments not raised in the opening brief are waived."); *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed. Cir. 1990). Here not only does APM's initial brief fail to raise any argument regarding contributory infringement, but APM acknowledges in its response that it "made a deliberate choice of focusing its appeal on the Inducement issue . . . ." APM's response further states that its "decision to appeal only the 'inducement' issue also stems from the fact that 'inducement' and 'contributory infringement' are separate and independent bases of infringement."* Because APM is obviously aware of its actions and expressly acknowledges its desire to abandon any argument regarding the issue of contributory infringement, we agree it has waived such arguments on appeal.

In light of such waiver, summary affirmance of that portion of the judgment is appropriate. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists"). In view of that determination, it is unnecessary for the court to address the induced infringement issue because even accepting every argument made in APM's brief will not alter the judgment of the ITC in light of our affirmance of the alternative ground

---

*    We further note that APM's initial brief does not raise any separate challenge to the issue of remedy.

for the exclusion order based on the contributory infringement determination.

Accordingly,

IT IS ORDERED THAT:

(1)   The motion is granted to the extent that the judgment of the ITC is summarily affirmed.

(2)  All other pending motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

MAR 0 6 2013

Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Steven D. Ling, Esq.
Panyin A. Hughes, Esq.
Ahmed J. Davis, Esq.

s26

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR U 6 2013

JAN HORBALY
CLERK