# ORIGINAL

## In the United States Court of Federal Claims

No. 15-407 C
(Filed April 28, 2015)

FILED

APR 2 8 2015

U.S. COURT OF
FEDERAL CLAIMS

JOSE RAMIREZ GARCIA,  )
             Plaintiff,  )
    v.  )
            )
            )
THE UNITED STATES,  )
             Defendant.  )

## ORDER

By his complaint, filed in this matter on April 17, 2015, Mr. Jose Ramirez Garcia pleads dissatisfaction with a judgment, entered March 10, 2015, by the United States Court of Appeals for the Eighth Circuit, in *Jose Ramirez Garcia v. United States of America*, No. 14-3343. The Eighth Circuit judgment reads, "[t]he motion for authorization to file a successive habeas application in the district court is denied. Mandate shall issue forthwith."

Plaintiff, who is incarcerated in the Federal Correctional Institution, Philipsburg, Pennsylvania, seeks some form of assistance from the United States Court of Federal Claims relating to the Eighth Circuit's judgment denying his request for permission to file a successive motion to vacate his sentence under 28 U.S.C. § 2255.

The United States Court of Federal Claims is a court of limited jurisdiction, and is obligated to ensure that it has jurisdiction to hear a case presented to it. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004); *Nickerson v. United States*, 35 Fed. Cl. 581, 586 (1996), *aff'd*, 113 F.3d 1255 (Fed. Cir. 1997); Rules of the Court of Federal Claims (RCFC) 12(h)(3).

The Tucker Act defines Court of Federal Claims subject matter jurisdiction by providing that it is afforded jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United

States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

While the Tucker Act waives sovereign immunity so that a plaintiff may sue the United States for money damages, *United States v. Mitchell*, 463 U.S. 206, 212 (1983), the Act does not create a substantive cause of action. *United States v. Testan*, 424 U.S. 392, 398 (1976). A plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Also, except in limited circumstances not relevant to this matter, the Court of Federal Claims cannot grant equitable relief such as an injunction. *Kanemoto v. Reno*, 41 F.3d 641, 644-45 (Fed. Cir. 1994).

Plaintiff's complaint does not identify any source of substantive law that could create a right to recover money damages against the United States in the Court of Federal Claims. The Court of Federal Claims does not possess jurisdiction over criminal matters, *see Joshua v. United States*, 17 F.3d 378, 379-80 (Fed. Cir. 1994), and 28 U.S.C. § 2255 does not mandate the payment of money by the United States.

The Court of Federal Claims does not have jurisdiction to review a decision of the United States Court of Appeals for the Eighth Circuit. *Shinnecock Indian Nation v. United States*, __ F.3d __, 2015 WL 1529231 (Fed. Cir. 2015).

As was the case in *Joshua v. United States*, 17 F.3d at 379, plaintiff here also misconstrues the jurisdiction of this court. The Court of Federal Claims has no jurisdiction to hear the matter pleaded in the complaint. Thus, pursuant to RCFC 12(h)(3), it is **ORDERED** that the clerk enter judgment **DISMISSING** plaintiff's complaint for lack of jurisdiction.

James F. Merow
Senior Judge