NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ENRIQUE M. FLORES-VAZQUEZ,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, Secretary of Veterans Affairs,**

*Respondent-Appellee*

---

2022-1587

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-8002, Judge Joseph L. Toth.

---

Before DYK, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

## O R D E R

Enrique M. Flores-Vazquez appeals from an order of the United States Court of Appeals for Veterans Claims ("the Veterans Court") dismissing his petition to the Supreme Court of the United States for a writ of certiorari that he filed at the Veterans Court. Having considered the Veterans Court's decision and Mr. Flores-Vazquez's informal opening brief, we summarily affirm.

In 2010, the Department of Veterans Affairs determined that Mr. Flores-Vazquez had service-connected bipolar disorder with depression and assigned a 30% disability rating effective January 24, 2005. Mr. Flores-Vazquez sought an earlier effective date of November 1998, which the Board of Veterans' Appeals denied. The Veterans Court affirmed the Board's decision in 2018. On appeal to this court, we upheld the Veterans Court's decision and denied rehearing on July 29, 2021. More than four months later, on December 6, 2021, Mr. Flores-Vazquez filed at the Veterans Court a petition for a writ of certiorari seeking the Supreme Court's review of our decision.[*] On February 18, 2022, the Veterans Court dismissed the petition, explaining that it lacked jurisdiction to review the decision. This appeal followed.

The court finds that summary disposition is appropriate because there is no substantial question regarding the outcome of this appeal. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Here, the Veterans Court was clearly correct that only the Supreme Court could review this court's decision. Mr. Flores-Vazquez's informal brief raises no plausible challenge to the Veterans Court's dismissal ruling. Instead, his filings before this court largely consist of assertions going to the merits of his earlier-effective claim: that his case file is missing documents and includes false statements and that certain evidence from the record was never considered. ECF No. 4 at 2. Because there is no question as to the outcome here, we summarily affirm.

---

[*] The court notes that the petition would have been untimely if filed at the Supreme Court. *See* S. Ct. R. 13.1 & 13.3 (stating that petition is timely when it is filed with the Clerk of the Supreme Court within 90 days after entry of the judgment that is the subject of the petition).

FLORES-VAZQUEZ v. MCDONOUGH                                    3

Accordingly,

IT IS ORDERED THAT:

(1) The Veterans Court's judgment is summarily affirmed.

(2) Each side shall bear its own costs.

FOR THE COURT

May 12, 2022                     /s/ Peter R. Marksteiner
        Date                     Peter R. Marksteiner
                                 Clerk of Court