NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAJ K. PATEL,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-1325

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01446-LAS, Senior Judge Loren A. Smith.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Raj K. Patel appeals from the judgment of the United States Court of Federal Claims dismissing his complaint and subsequent order denying reconsideration. Mr. Patel also moves for "permission to file [a] . . . Motion for a Writ of Mandamus" with his opening brief, ECF No. 4, for "leave to serve the President directly," ECF No. 12-1 at 1, for leave to amend his motion for leave to serve the President, ECF No. 21, and to expedite, ECF No. 25. The United States

separately moves for summary affirmance.  ECF No. 17. Mr. Patel opposes that motion, the United States replies, and Mr. Patel submits a sur-reply, which the court construes as including a motion for leave to file a sur-reply, ECF No. 24.

Mr. Patel has filed several cases at tribunals within this court's appellate jurisdiction alleging breach of a contract with the Presidents of the United States "about living under the stress weapon."  In October 2022, Mr. Patel filed his third complaint raising such allegations at the United States Court of Federal Claims.  ECF No. 17 at Appx74.  In November 2022, the Court of Federal Claims dismissed the complaint for failing to raise any non-frivolous allegation that would establish a claim within that court's jurisdiction.  In December 2022, that court denied reconsideration. This appeal followed.[*]

Summary affirmance is appropriate when the decision below "is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted).  Here, the Court of Federal Claims was clearly correct that Mr. Patel's complaint made no nonfrivolous allegation of a contract with the United States that could form a basis for its jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1).  We therefore grant the motion to summarily affirm.  We end by warning Mr. Patel, who

---

[*]    The Court of Federal Claims' judgment included an anti-filing injunction provision.  However, Mr. Patel does not challenge that provision in his brief and therefore forfeits any such challenge.  *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("[A]rguments not raised in the opening brief are waived."); *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("[A] pro se litigant abandons an issue by failing to address it in the appellate brief.").

has now had three appeals dismissed as clearly baseless, *see Patel v. White House Chief of Staff*, No. 2022-1962, 2022 WL 3711886, at \*1 (Fed. Cir. Aug. 29, 2022); *Patel v. United States*, No. 2022-1131, 2022 WL 4956868, at \*1 (Fed. Cir. Feb. 11, 2022), that future abuse of the judicial process through frivolous appeal may result in sanctions.

Accordingly,

IT IS ORDERED THAT:

(1)  The United States' motion, ECF No. 17, is granted. The Court of Federal Claims' judgment is affirmed.

(2)  Mr. Patel's motion for permission to file a petition for writ of mandamus, ECF No. 4, is denied.

(3)  Mr. Patel's motion to file a sur-reply is granted. ECF No. 24 is accepted for filing.

(4)  All other pending motions are denied as moot.

(5)  Each side shall bear its own costs.

FOR THE COURT

March 7, 2023                          /s/ Peter R. Marksteiner
      Date                             Peter R. Marksteiner
                                       Clerk of Court