NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  JOSEPH WITCHARD,**
*Petitioner*

---

2023-129

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:22-cv-01818-MHS, Judge Matthew H. Solomson.

---

## ON PETITION AND MOTION

---

PER CURIAM.

### O R D E R

Joseph Witchard petitions this court for a writ of mandamus and moves for leave to amend his petition.  Mr. Witchard also moves pursuant to Rule 8 of the Federal Rules of Appellate Procedure to enjoin his "unjust imprisonment sentence of 331-months . . . in lieu of awaiting . . . decision in this petition for a writ of mandamus." ECF No. 18 at 1 (some capitalization omitted).  For the following reasons, we deny his petition and motion for an injunction.

Mr. Witchard, who is currently incarcerated, filed this suit in the United States Court of Federal Claims, alleging unjust fraud convictions and imprisonment.  In April 2023,

the Court of Federal Claims stayed proceedings pending its determination on jurisdiction. Mr. Witchard then filed this petition seeking to vacate the stay. While the petition was pending, the Court of Federal Claims dismissed for, *inter alia*, lack of jurisdiction. Mr. Witchard subsequently sought to amend his petition to challenge the dismissal and for this court to remand with instructions to grant default judgment against the United States.

A party seeking a writ of mandamus bears the burden of demonstrating to the court that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978). Mr. Witchard has not met that standard. The challenge to the stay is now moot in light of the entry of final judgment. Moreover, any request for relief from the final judgment could have been sought by filing a timely notice of appeal. Mr. Witchard did not file a notice of appeal, however, and his time for doing so has now expired.

We further decline to construe his request to amend his petition as a timely notice of appeal. Mr. Witchard has shown the ability on multiple occasions to file a notice of appeal. Moreover, allowing this case to proceed on appeal would be futile. Mr. Witchard can make no cognizable, non-frivolous argument that the Court of Federal Claims had jurisdiction to review his prior criminal cases and grant his request to discharge him from prison. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Nor has he alleged that his conviction was reversed or set aside or that he has been pardoned as is required under 28 U.S.C. § 2513 to state a claim under 28 U.S.C. § 1495.* For the

---

\*    The final judgment of the Court of Federal Claims also imposed a filing restriction on Mr. Witchard, which he has not challenged in any of his papers submitted.

same reasons, we deny Mr. Witchard's request for an injunction. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (requiring, among other things, a movant to show a reasonable likelihood of success on the merits).

Accordingly,

IT IS ORDERED THAT:

The court grants leave to amend the petition and will provide Mr. Witchard a copy of this court's docket sheet with this order. All other requested relief is denied.

FOR THE COURT

October 13, 2023                    /s/ Jarrett B. Perlow
        Date                        Jarrett B. Perlow
                                    Clerk of Court