NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH LESLIE CALDWELL,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1122

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00320-SSS, Judge Stephen S. Schwartz.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Kenneth Leslie Caldwell appeals from the judgment of the United States Court of Federal Claims dismissing his complaint.  The United States moves for summary affirmance.  ECF No. 12.  Mr. Caldwell opposes, submits his opening brief, and moves for various relief, including "emergency relief to be determined by [the] court," ECF No. 6 at 1; for expedited restitution of at least $80,000, ECF No.

8-1 at 3; summary judgment, ECF No. 10-1; and "$1,000,000 as a permanent injunction," ECF No. 17-1 at 2.

Mr. Caldwell previously sued the Judicial Administration of Idaho and Idaho-based media companies in Idaho state court. After that suit was unsuccessful, he filed the underlying complaint at the Court of Federal Claims, alleging the Judicial Administration of Idaho as well as other state and federal officials and entities violated various laws, including provisions of U.S. Code title 18 (criminal code); U.S. Code title 42 (civil rights); 10 U.S.C. §§ 251–254; the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution, and antitrust laws. Mr. Caldwell also requested that the Court of Federal Claims compel the Patent and Trademark Office to grant him intellectual property rights to 28 "ideas" he identified in his complaint. The Court of Federal Claims granted the government's motion to dismiss the complaint. This appeal followed.

The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Court of Federal Claims to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citation omitted). For the reasons explained in the Court of Federal Claims's Opinion and Order, none of the sources of law identified in the complaint were shown to create a right to monetary damages against the United States.[*] And while

---

[*]    Although the complaint generally referenced the Fifth Amendment, the Court of Federal Claims correctly explained that Mr. Caldwell did not allege any taking of property that could plausibly support a claim under the Takings Clause and the trial court lacks jurisdiction over any alleged violation of the Due Process Clause. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

CALDWELL v. US                                            3

28 U.S.C. § 1498 authorizes the trial court to award damages for the use or manufacture of a covered patent or copyright by or on behalf of the United States, Mr. Caldwell's complaint failed to identify any issued patent or copyright to support such a claim.

We have considered Mr. Caldwell's arguments in his brief, but find they fail to a raise a non-frivolous basis for error. Accordingly, summary affirmance is appropriate here because there is no "substantial question regarding the outcome" of the appeal. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted).

Accordingly,

IT IS ORDERED THAT:

(1) The United States's motion for summary affirmance is granted, and the judgment of the United States Court of Federal Claims is affirmed.

(2)  All other motions are denied.

(3)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 5, 2024
Date