NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VIDSTREAM LLC,**
*Plaintiff-Appellant*

**v.**

**TWITTER, INC.,**
*Defendant-Appellee*

---

2024-2265

---

Appeal from the United States District Court for the Northern District of Texas in No. 3:16-cv-00764-N, Judge David C. Godbey.

---

**ON MOTION**

---

Before REYNA, LINN, and STOLL, *Circuit Judges.*

PER CURIAM.

### O R D E R

VidStream LLC appeals from the district court's order denying its motion for a preliminary injunction for failing to establish irreparable injury. Twitter, Inc. moves for summary affirmance. VidStream opposes.

VidStream's challenge hinges on its argument that "the district court here simply had no discretion to require additional harm beyond ongoing infringement VidStream established." Opening Br. (ECF No. 11) at 20; *see also id.* at 2 ("According to the principles administered by the Court of Chancery at the founding, the likelihood of ongoing infringement itself constituted irreparable injury."); *id.* at 8 ("According to these principles, the likelihood of ongoing infringement itself is irreparable injury.").

VidStream's argument clearly runs afoul of the Supreme Court's decision in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006), which rejected such a "broad" and "categorical rule" in deciding motions for injunctive relief in the context of patent infringement. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1149 (Fed. Cir. 2011) (confirming "that *eBay* jettisoned the presumption of irreparable harm" and "abolishe[d] our general rule that an injunction normally will issue when a patent is found to have been valid and infringed").

Given that VidStream's only challenge in its opening brief raises no substantial question regarding the outcome of the appeal under governing Supreme Court precedent, the court affirms, and finds it appropriate to do so by summary order. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[S]ummary disposition is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.").[1]

---

[1]    VidStream's opposition to the motion appears to allege irreparable harm from Twitter's litigation conduct. Such argument was not raised in VidStream's opening brief, and those arguments are waived. *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The order denying a preliminary injunction is summarily affirmed.

(2) Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

November 19, 2024
Date

---

Cir. 2006) ("Our law is well established that arguments not raised in the opening brief are waived.").