NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ADAEZE NWOSU,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1178

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01436-PSH, Judge Philip S. Hadji.

---

## ON MOTION

---

PER CURIAM.

### O R D E R

The United States moves to summarily affirm the final judgment of the United States Court of Federal Claims dismissing Adaeze Nwosu's complaint. Ms. Nwosu moves for summary reversal and for leave to proceed *in forma pauperis*. We grant the United States's motion.

Ms. Nwosu brought this suit at the Court of Federal Claims alleging various judges and court officials

"breached their oaths of office" and "violated their legal duty by jettisoning the plaintiff's 14th [A]mendment right for a fair hearing" amounting to "a breach of contract." ECF No. 5 at 14. In October 2024, the Court of Federal Claims dismissed the complaint for lack of jurisdiction and entered final judgment. Ms. Nwosu timely moved for reconsideration, which the Court of Federal Claims denied on October 22, 2024. Ms. Nwosu now appeals, and the government moves for summary disposition.

Summary affirmance is appropriate when judgment on appeal "is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Court of Federal Claims to claims of money damages against the United States on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citation omitted). Here, the Court of Federal Claims was clearly correct it lacked jurisdiction.

Because Tucker Act "jurisdiction extends only to contracts either express or implied in fact, and not to claims on contracts implied in law," *Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996), this court has repeatedly made clear that the Court of Federal Claims does not have jurisdiction over "any alleged breach-of-contract claim based on an oath of office or obligation to uphold the Constitution." *Kaetz v. United States*, No. 2022-1812, 2022 WL 14813714, at *2 (Fed. Cir. Oct. 26, 2022); *see also Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019).

The Court of Federal Claims was likewise clearly correct that the Equal Protection and Due Process Clauses of the Fourteenth Amendment do not mandate the payment of money by the government for violations. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The

law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Accordingly,

IT IS ORDERED THAT:

(1)  The United States's motion is granted.  The judgment of the Court of Federal Claims is summarily affirmed.

(2)  The motion for leave to proceed *in forma pauperis* is denied.

(3)  All other pending motions are denied.

(4)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 4, 2025
Date