NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**QUORDALIS V. SANDERS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2026-1784

---

Appeal from the United States Court of Federal Claims in No. 1:26-cv-00327-TMD, Judge Thompson M. Dietz.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Determining that he was ineligible under the so-called three-strike provision, 28 U.S.C. § 1915(g), the United States Court of Federal Claims denied prisoner Quordalis V. Sanders's motion for leave to proceed *in forma pauperis* ("IFP") and subsequently dismissed his case for failure to prosecute after Mr. Sanders did not pay the filing fee. Mr. Sanders appeals, files his opening brief, and moves to proceed IFP on appeal.  We summarily affirm.

As we explained to Mr. Sanders in summarily affirming the Court of Federal Claims's denial of his IFP motion in another case, "[t]he Prison Litigation Reform Act's 'three strike' provision does not permit IFP status 'if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.'" *Sanders v. United States*, No. 2022-1375, 2022 WL 2298980, at *1 (Fed. Cir. June 27, 2022) (quoting 28 U.S.C. § 1915(g)).

Here, as there, Mr. Sanders's opening brief fails to raise any cogent, non-frivolous argument why the Court of Federal Claims erred in dismissing his complaint. Mr. Sanders does not dispute he has accumulated three strikes. Nor does Mr. Sanders appear to challenge the trial court's determination that he had failed to show entitlement to the imminent-danger exception. Instead, his brief consists mostly of arguments for why he should no longer be in prison. As to the dismissal, Mr. Sanders only argues he may not be denied IFP status because that would deny him access to the courts to file non-frivolous legal claims, appearing to cite *Lewis v. Sullivan*, 279 F.3d 526 (7th Cir. 2002), for support. But that decision rejects the same argument, reversing the district court's waiver of the filing fee. *Id*. at 528.

Because the Court of Federal Claims's decision was "so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists," we summarily affirm. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). And because he has also failed to show entitlement to IFP status on appeal, we deny his motion.

Accordingly,

SANDERS v. US                                                                    3

IT IS ORDERED THAT:

(1) The judgment of the Court of Federal Claims is summarily affirmed.

(2) All pending motions are denied.

(3) Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

June 26, 2026
Date