NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER JOSEPH POLINSKI,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1397

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-02125-MBH, Senior Judge Marian Blank Horn.

---

**ON MOTION**

---

Before PROST, MAYER, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

## O R D E R

Peter Joseph Polinski appeals from the judgment of the United States Court of Federal Claims dismissing his complaint and subsequent order denying his motion for reconsideration. The United States moves to summarily affirm the decision or dismiss the appeal as frivolous. Mr.

Polinski opposes and moves unopposed for leave to file a corrected supplemental response.

Mr. Polinski's sprawling complaint sought several billion dollars in damages for asserted torts, crimes, and various violations of his constitutional rights committed by state and local officials.  In light of his filings before this court narrowing the issues in his case, *see* ECF No. 6 at 3; ECF No. 7 at 9, we focus on Mr. Polinski's allegations that he tendered bonds valued at $36,000,000 to a local court and/or state treasurer for "full settlement and closure" of a criminal case that he alleged were "unjustly retained" and "unlawfully seized."  ECF No. 4 at Appx57–62.  The Court of Federal Claims dismissed Mr. Polinski's alleged takings, illegal extraction, breach of trust, and fiduciary duty claims, finding, among other things, he failed to allege facts or a supporting basis to attribute the actions to the United States (either directly or through its agents).

Under the Tucker Act, 28 U.S.C. § 1491, the Court of Federal Claims may decide only claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government" and "not sounding in tort."  *United States v. Navajo Nation,* 556 U.S. 287, 290 (2009).  The Court of Federal Claims was clearly correct that Mr. Polinski's claims aimed at alleged actions taken by state and local officials did not give rise to any cognizable claims against the United States within that court's limited jurisdiction.  Mr. Polinski's general assertion that the United States is "the guarantor of individual rights" is clearly insufficient.  ECF No. 4 at Appx51.  We have considered Mr. Polinski's various arguments, including his citations to several provisions in Chapter 31 of the U.S. Code as well as 12 U.S.C. § 411, but find that he has failed to raise any cognizable assertion of error.

Because the merits are so clear "that no substantial question regarding the outcome of the appeal exists," we

grant summary affirmance.  *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Accordingly,

IT IS ORDERED THAT:

(1) Mr. Polinski's motion for leave to file a corrected supplemental response is granted to the extent that ECF No. 10 is accepted as his corrected response to the motion.

(2) The United States's motion is granted to the extent that the decision of the United States Court of Federal Claims is summarily affirmed.

(3) All other pending motions are denied.

(4) Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

June 29, 2026
Date