NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SAMUEL J. MAY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2026-1592

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-01049-SSS, Judge Stephen S. Schwartz.

---

## ON MOTION

---

Before PROST, MAYER, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

## O R D E R

Before the court are the parties' cross-motions for summary disposition. [1] We grant summary affirmance.

---

[1]    Samuel J. May also seeks leave to file a corrected reply in support of his motion for summary disposition,

This is the second time Samuel J. May has filed an appeal from the United States Court of Federal Claims's dismissal of a complaint seeking a share of a 2012 settlement between the federal government and his former employer. In the first appeal, *May v. United States*, No. 2023-1124, 2023 WL 3836088 (Fed. Cir. June 6, 2023), this court affirmed the dismissal of his takings and contract claims as time-barred and his remaining constitutional, tort, and 42 U.S.C. § 1983 claims as outside of that court's limited jurisdiction. In the present action, the Court of Federal Claims dismissed his claims as barred by issue preclusion and also outside of that court's limited jurisdiction.

We agree with the government that dismissal here was "so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The trial court reasonably understood the present complaint as based on the same underlying events related to the 2012 settlement and that the only material difference is that the present action relies on 31 U.S.C. § 5323 (authorizing payment to whistleblowers who meet certain qualifications), the Inflation Reduction Act of 2022, and the "legislative history of trust under" the False Claims Act and Prompt Payment Act. ECF No. 9 at SAppx138, SAppx139, SAppx140, SAppx141, SAppx142, SAppx144. The Court of Federal Claims was clearly correct that those claims are subject to at least the same jurisdictional defects as his prior claims.

The court has considered Mr. May's various filings but finds them to present no cognizable basis for relief. Mr. May incorrectly argues that he was entitled to entry of judgment based on district court judgments surrounding the 2012 settlement that, contrary to his assertions, did not

---

ECF No. 11, and files a sur-reply, ECF No. 14, which the court construes as a motion for leave to file said sur-reply.

entitle him to a portion of the settlement.[2]  Nor has he shown entitlement to entry of default judgment, at least because the court lacked jurisdiction over his case.  *See* Court of Federal Claims Rule 55(b)(2).  Because we agree that his challenges to the judgment and request for remand are frivolous, we summarily affirm.

Accordingly,

IT IS ORDERED THAT:

(1) Mr. May's motion for summary disposition, ECF No. 7, is denied.  Mr. May's motion for leave to file a corrected filing is granted to the extent that ECF No. 12 is accepted as Mr. May's corrected reply in support of his motion and opposition to the government's motion.  Mr. May's motion for leave to file a sur-reply is granted to the extent that ECF No. 14 is accepted for filing.

(2)  The government's motion for summary affirmance, ECF No. 8, is granted.  The judgment of the United States Court of Federal Claims is summarily affirmed.

---

[2]    Mr. May appears to rely on Court of Federal Claims Rule 9(e), but that rule is of no help to him.  It merely provides that in "pleading a judgment or decision of a domestic or foreign court, . . . it suffices to plead the judgment or decision without showing jurisdiction to render it."  Nothing in that rule calls into question the judgment of the Court of Federal Claims dismissing this case.

4                                                                        MAY v. US

(3)  Each side shall bear its own costs.

FOR THE COURT



Jarrett B. Perlow
Clerk of Court

June 29, 2026
Date